URIAH J. BULLOCK *vs.* BERNARD M. CAMPBELL.—*December* 1850.

Where the endorser of a promissory note was sued by the holder, and had paid but *part* of the judgment recovered against him on the note, it was HELD : That he could maintain an action of *assumpsit* against the maker for the part so paid, and that against such an action, the statute of limitations begins to run from the time the money was paid, and not from the maturity of the note.

It is now well settled, that in cases of principal and surety, the statute does not begin to run until the payment is made by the latter.

If the suit had been instituted upon the note, the endorser would have had to pay the whole note before he could sue for the money paid by him.

Where a security is obliged to make several payments. he may bring several suits for the amounts so paid, and the statute runs against each payment from the time it was made.

APPEAL from *Baltimore* county court.

This was an action of *assumpsit*, instituted by the appellant, the plaintiff below, against the appellee. The *nar* contained the common money counts. The pleas were *nonassumpsit* and limitations.

A verdict was taken by consent in favor of the plaintiff, subject to the opinion of the court on a case stated. By this statement, it appears that the plaintiff endorsed a note for the defendant, which matured 24th of July, 1840, for $1462.45; which defendant passed to *Ogden Waddington & Co.* The note was unpaid at maturity, and was duly protested and notice given to all parties. The holders brought suit in a court in *Georgia*, against plaintiff, and recovered judgment in February, 1841. On this judgment a *fi. fa.* was issued, under which $728.88 was made by sale of plaintiff's property on the 19th of February, 1844; and on the 24th of the same month, the plaintiff paid a further sum of $274.12, and $17.50 costs, but never paid the balance of said judgment. This suit was brought on the 11th of May, 1846, to recover of defendant the above sums of money paid by plaintiff on said judgment. It was agreed by counsel, that if the opinion of the court on

the above statement should be in favor of plaintiff, the verdict was to stand, and judgment be entered thereon accordingly, in favor of the plaintiff, but if their opinion should be in favor of the defendant, then the verdict to be set aside, and verdict and judgment entered for defendant.

The court being of opinion that the plaintiff was not entitled to recover, set aside the verdict, and rendered judgment for the defendant, from which the plaintiff appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By WM. SCHLEY, for the appellant, and
By DULANEY, for the appellee.

MAGRUDER, J., delivered the opinion of this court.

This appeal comes from *Baltimore* county court. The plaintiff below, (who is the plaintiff here,) instituted this suit 18th May, 1846, to recover so much money paid for, and at the instance of the defendant. This money was paid by the plaintiff to the holder of a promissory note, drawn by the defendant, payable to the plaintiff, and by him endorsed. Upon this note the holder instituted a suit against the plaintiff, recovered a judgment, which the plaintiff here paid *in part*, and for the amount paid by him, this action was instituted. It was instituted more than three years after the note became due, but less than three years after the payment was made.

If the plaintiff has a good cause of action, the plea of limitations is no bar to it, unless the time is to be computed from the day the money was to have been paid. But the statute does not begin to run in the case of principal and surety, until the time when the payment is made by the latter. This, if ever it could have been questioned, is now settled law. See *Gillespie vs. Creswell*, 12 *Gill and John.*, 36.

The plaintiff had no cause of action, until he was compelled to pay the money, and until he has a right to sue, limitations cannot begin to run.

But the plaintiff paid only a part of the money due on the note, and it is insisted that he must pay the whole of it before he can sue for the money paid by him.   This would be true, if the suit was instituted upon the note itself.   But why not be permitted to sue for and recover, that which he has been obliged to pay?   Very much of evil might arise to securities, if the law required them to pay the whole amount of the note in order to recover that which they have paid for the use of the principal.   It is said that it gives to securities a right to make several causes of action of but one.   If this be a fatal objection to the recovery, then when there are two securities, and each pays a part, it would seem that neither could recover. But whose fault is it that the balance is not paid?   It is the fault of the appellee, and surely it can be no defence for him in an action brought to recover from him what has actually been paid for him, that he, himself, has not paid any part, although he was bound to pay the whole.   That several suits may be brought in a case of this description, if the security is obliged to make several payments, was decided in *Pownal vs. Ferrand,* 13 *Eng. Com. Law Reports,* 230. *S.C.~ 6 B & C 4 3 9*

This decision does not allow a creditor to make several claims of one.   The note is not the plaintiff's cause of action.   He instituted this suit for all that he could claim when it was brought, and if afterwards he is obliged to pay another sum of money, because of a failure by the defendant to pay the debt, he will then have another distinct cause of action to which the plea of limitations will be no bar, until three years after such last payment, although it would be a bar to a recovery of the earlier payments, if they were made more than three years before the security sued for the amount of them.

As a further objection to the plaintiff's recovery it is urged, that he cannot maintain an action upon the implied *assumpsit,* because the note contains an express promise to pay, and there was a consideration for it.   But the circumstances show not only the absence of all consideration, as a contract between the plaintiff and defendant, but also, that by the express understanding of all the parties to the note, although *in form,* it was

payable to the plaintiff, yet he was not to receive one cent of the money mentioned in it. It was made payable to him, not because he was the person to whom it was due, but in order that the plaintiff, by endorsing it, might be liable as endorser in case the defendant failed to pay it to the only real payee. It is a note which the defendant was bound to pay, but was not at liberty to pay to the person named in it as payee. The plaintiff by endorsing it, has been obliged to pay money which was due from the defendant, which the latter was bound to pay, as it was his debt; and he has now no right to say that he ought not to be compelled to refund until the plaintiff has paid more money, due only from the defendant.

Upon neither of the grounds which have been relied on, can this judgment be affirmed.

Judgment reversed with costs, and upon the statement of facts, judgment for the plaintiff according to the agreement.

JUDGMENT REVERSED.