JUDGE PETERS
delivered the opinion oe the court.
In 1861 appellant and appellee, as joint sureties of T. B. & A. J. Jennings, executed a note to John H. Miller for three thousand five hundred and seventy-five dollars. On the 23d of January, 1862, appellant paid on said note one thousand dollars. The principal obligors being insolvent, the sureties paid no more of said note, having been released therefrom by a contract between the principals and the holder of the note for indulgence by the payment of usurious interest.
In February, 1868, appellant, upon notice previously given, moved the Garrard Circuit Court for a judgment against appellee for the one half of the amount he had paid Miller on said note, with interest from the time of payment. Among other matters of defense, the statute of limitations was relied upon and pleaded as a bar to the proceedings. The motion was dismissed, and appellant excepted, and had a bill of exceptions prepared for the circuit judge to sign in order to bring the case to this court; but by some inadvertence it was not signed nor filed during the term at which said motion was tried, and the time not extended at that term for preparing and filing the same.
At the succeeding term of the court application was made to the judge to sign the bill of exceptions and order it to be filed nunc pro tuno. This he refused to do, and appellant then filed this petition in equity to obtain the relief he had failed to get in the last-named motion; but the relief sought was refused, and of that appellant complains.
An important preliminary question is presented, whether the statute of limitations, which is pleaded, is available as a bar to the original motion. If so, appellant has not been prejudiced by the subsequent rulings of the court below, and a decision of them by this court may be dispensed with.
Section 7, chapter 97, 2 Revised Statutes, 398, provides that where a surety pays the whole or any part of a debt or *632 liability for which he is bound as such, he may recover the amount, with interest from time of payment, from the principal by action at law, or by motion after ten days’ notice in writing. He may sue a co-surety separately or as a joint defendant with the principal in such proceeding, and in like manner recover judgment against him separately or jointly at the same time for his proper part of the debt or liability so paid, as if the sureties were the sole obligors; and if one or more of several co-sureties be insolvent, or reside out of the state, the recovery against the solvent and resident surety or sureties shall also be for a proper part of the share of liability pertaining to süch insolvent or non-resident surety. If the surety afterward make further payment on the debt or liability,' he may again have like remedy therefor.
It is difficult to conceive, from the plain, unambiguous language of the statute, how a doubt can arise that when a surety pays money for his principal he will not have an immediate cause of action against his co-surety for contribution; and as often as he makes payments he may sue his co-surety who has paid nothing, whether the amount paid would be his proportion of the whole debt or not. The language of the statute admits of no other construction.
The original motion against appellee for contribution was a proceeding, under the statute referred to, to enforce a liability created by it, and the cause of action accrued when the money was paid; consequently the demand was barred under section 2, article 3, chapter 63-, 2 Revised Statutes, 127.
But even if the liability arose under an implied contract to pay of contribute for so much money laid out and expended for the use of appellee, and not under the statute, still it is manifest that the cause of action accrued when the money was paid; and more than five years having elapsed from that period to the time' when the motion for contribution was made, the statute interposed a bar to a recovery.
*633 We conclude therefore that appellant’s motion was properly dismissed, and the judgment must be affirmed.