Bushnell vs. Bushnell and another.

BUSHNELL, Respondent, vs. BUSHNELL and another, Appellants.

BUSHNELL, Appellant, vs. BUSHNELL and another, Respondents.

77 435
86 574

77 435
89 LRA 411.
44 LRA 459n

*September 8 — September 23, 1890.*

*Suretyship: Contribution: Partial payments: Limitation of actions: Application of payments: Interest.*

1. Each payment by a surety in excess of his proportion of the debt gives a right of action for contribution, and the statute of limitations begins to run from the date of each such payment.
2. An action at law for contribution is limited to six years from the time when the cause of action accrued, although an equitable action might have been brought within ten years.
3. Where the value of property and money received by a surety from the principal debtor was less than the amount of payments made by such surety in excess of his proportion of the debt, as to which payments an action for contribution was barred, it was proper to apply such property and money upon said payments and not upon a subsequent payment as to which the right of action for contribution was not barred.
4. In an action by a surety for contribution only the legal rate of interest upon the amount recovered should be allowed, even though the debt paid by the plaintiff bore a higher rate.

APPEALS from the Circuit Court for *La Fayette* County. Action by a surety for contribution. The plaintiff's co-surety, the defendant *Elijah D. Bushnell*, is an insane person, and the defendant *Olmsted* is his guardian. Other facts are stated in the opinion. The plaintiff recovered $98 and interest thereon at ten per cent. per annum from January 29, 1880. Both parties appeal from the judgment.

For the plaintiff there was a brief by *Bushnell & Watkins*, and oral argument by *A. R. Bushnell*.

For the defendants there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*.

COLE, C. J.   This is an action by a paying surety against a co-surety for contribution.   Cross-appeals from the judgment were taken, and the questions arising will be considered without special reference to the case to which they relate.   The main question is presented on the finding of the court below that the plaintiff is the owner and holder of the note mentioned in the evidence, which was signed by the parties to the action as sureties for their brother, Levi N.   The note drew interest at the rate of ten per cent., and several payments were made upon it from time to time by the plaintiff.   As to these payments the six years bar of the statute of limitations was interposed, which the court sustained as to all payments except the one for $98, made January 29, 1880.   As to that payment the circuit court held the plaintiff was entitled to recover the full amount thereof, with ten per cent. interest from the time it was paid, and that the action was barred as to the other payments.

The first question which will be considered is, Was the six years statute of limitations applicable to the first six payments made upon the note by the plaintiff?   It is said by defendants' counsel that this action for contribution between sureties is founded upon an implied contract to contribute, and that a right of action accrues against the co-surety on each separate payment when made, when it is more than the equal share of the debt which the paying surety is bound to pay; and he says the case comes strictly within the limitation of subd. 3, sec. 4222, R. S., which bars an action upon an obligation or liability, express or implied, in six years, except those mentioned in the last two preceding sections.   The decision of the questions presented is clear upon the authorities.   Says Mr. Justice Story: "Originally it seems to have been questioned whether contribution between sureties, unless founded upon some positive contract between them incurring such liability, was a matter capa-

ble of being enforced at law. But there is now no doubt that it may be enforced at law as well as in equity, although no such contract exists. And it matters not, in case of a debt, whether the sureties are jointly and severally bound, or only severally; or whether their suretyship arises under the same obligation or instrument, or under divers obligations or instruments, if all the instruments are for the same identical debt." 1 Story, Eq. Jur. § 495. In *Davies v. Humphreys*, 6 Mees. & W. 153, Baron PARKE says the action for contribution arises upon a principle of equity, though it is now established to be the foundation of an action at law, and this is generally the language of the cases upon the subject.

The result of this view would seem to be, that the plaintiff's right of action upon the liability of the co-surety is limited to the six years from the time he pays the creditor more than his proportion of the debt. Angell thus states the rule, and such is the doctrine of the adjudications. Ang. Lim. § 131 *et seq.; Davies v. Humphreys, supra; Scott v. Nichols*, 61 Am. Dec. 503, and authorities referred to in the note. Where a note payable by instalments is paid by a surety, the statute begins to run against him from the time he pays each instalment. *Bullock v. Campbell*, 9 Gill, 182. It seems to be clearly established that, where a surety has paid more than his share of the debt, every such payment gives a right of action for contribution, and, as a matter of course, the six years statute begins to run upon it.

But it is said that the case comes within the ten years limitation provided for in subd. 4, sec. 4221, R. S. That, in effect, makes actions cognizable in a court of chancery, where no other limitation is prescribed in the chapter, subject to that period of limitation. In answer to this suggestion, we observe that this is a plain action at law, in which a judgment for a specified sum is demanded. This is the only relief or matter asked for in the action. The statute

in respect to a legal action applies to it. These statutes are clear and explicit, and bar an action founded upon an obligation or liability, express or implied, which is not brought within six years from the time the right of action accrues. It is said that a court of equity would take jurisdiction to enforce contribution, therefore the limitation of subd. 4, sec. 4221, applies. Whether this position is sound or not we shall not determine. It is sufficient now to say that this is not an equitable suit to enforce contribution, and no equitable relief is sought. It is a legal action to recover money paid to the use of the defendant, and stands upon the same footing as any other action founded upon an implied contract.

The plaintiff paid the greater portion of the note, indeed, much more than his share. The principal debtor paid the plaintiff some money, and transferred to him some property. The court applied these several payments and the value of the property to reimburse the plaintiff for the excess he had paid more than his share. We see no error nor injustice in such an application. The aggregate of these payments, increased by the value of the property, is much less than the amount the plaintiff has paid for his co-surety. It is therefore proper not to require the plaintiff to account for them under the circumstances.

It was also correct to give the plaintiff judgment for the amount of the last payment, for, as we have said, he had already paid largely in excess of his proportion, and, if the defendant pays the entire amount of the last payment made on the note, he will still fall short of paying his share of the debt. But there is an error in giving interest on the last payment exceeding seven per cent. Interest at ten per cent. was given, doubtless because the note drew interest at that rate. But the recovery is upon an implied contract for money paid to the defendants' use, and not upon the note nor upon the guardian's bond. The note and bond are paid

and extinguished. The rate of interest on the amount of the recovery should be the legal rate, and no more. The counsel for defendant claims that there was not $98 due on the note when the last payment was made. We have made no computation, and shall not. The plaintiff is entitled to recover only what was due when the note was discharged, with legal interest on the same. The circuit court will enter judgment for the proper amount, as indicated in this opinion.

*By the Court.*— The judgment on the plaintiff's appeal is affirmed, and it is reversed on the defendants' appeal, and the cause is remanded to the circuit court for the entry of proper judgment.