State Bank of Ceresco v. Belk.

---

STATE BANK OF CERESCO, APPELLEE, V. WILLIAM BELK ET AL., APPELLANTS.

FILED APRIL 9, 1903.   No. 12,311.

Creditors' Bills: NECESSARY ALLEGATIONS.   There are two classes of creditors' bills, one to reach the equitable assets or property of the debtor on which an execution at law can not be levied; the other in aid of an execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors.   In the first class of cases the creditor must allege and show that he has exhausted his remedy at law, while in the second it is sufficient to show that his claim has been reduced to judgment and docketed in the county where the land lies which he seeks to subject to the payment of his claim.   The equity court in such case is merely lending its assistance to the legal tribunal to remove a fraudulent obstruction interposed to the execution of its writ.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, DISTRICT JUDGE.   *Affirmed.*

*Charles L. Burr* and *Lionel C. Burr,* for appellants.

*Albert G. Greenlee, contra.*

DUFFIE, C.

This is a creditors' suit brought by the appellee against William Belk, Henrietta Belk, his wife, Nina Riggs, daughter of the said William and Henrietta Belk, and George A. Riggs, her husband. The undisputed facts are as follows:

At the May, 1899, term of the district court for Lancaster county the bank recovered judgment against Belk for about $450 and costs, taxed at upwards of $90. The basis of the judgment was a promissory note, of which the following is a copy:

"$300.                CERESCO, NEB., Sept. 30, 1889.

"On demand after date, for value received, we jointly and severally promise to pay to the order of State Bank of Ceresco, Neb. three hundred dollars, with interest at the rate of ten per cent. per annum from maturity until paid. This note is given as security for a note of even date and amount of Thomas Stretch in favor of State Bank of Ceresco and the maker hereof waives protest and notice of non-payment and guarantees the payment of said note, or any renewal of the same.

(Signed)                        "WILLIAM BELK."

At the time of making said note Belk was the owner of some two hundred acres of land, which it is sought to subject to the payment of the judgment. On October 21, 1895, Belk and his wife deeded this land to George A. Riggs, their son in law. This conveyance was made while the suit in which judgment was finally entered was still pending. At the time of the conveyance to Riggs the land was encumbered by a mortgage for $3,000, and the consideration expressed in the conveyance was $4,000, and the assumption by Riggs of said mortgage. Riggs ex-

ecuted a mortgage back to secure the sum of $3,800 of the consideration, but this mortgage, instead of running to William Belk, was made to Henrietta Belk, the wife. The district court found the conveyance fraudulent as to creditors, and decreed a cancelation of the conveyance, making provision, however, for Belk to have his homestead interest in the property set aside previous to a sale. From this decree the defendants have appealed.

It will be noticed that the note upon which judgment against Belk was entered was given as security for the payment of another note of like date and amount executed to the bank by one Thomas Stretch, and it is earnestly insisted that a creditors' suit can not be maintained against the surety without a showing on the part of the appellee that it has exhausted its legal remedies not only against the defendant Belk, but against Stretch, the principal debtor. The rule is of universal application that a creditors' suit to come at the equitable assets of the debtor which an execution at law will not reach, can not be maintained until the creditor has exhausted his legal remedies for the collection of his debt. A court of law is the proper forum for the enforcement of legal demands, and a court of equity will not interpose its extraordinary aid until legal remedies have proved ineffectual. It has been frequently said that courts of equity are not tribunals for the establishment or collection of ordinary demands. *Sloan v. Waring,* 55 How. Pr. (N. Y.) 62; *Dawson v. Sims,* 14 Ore. 561; *Taylor v. Bowker,* 111 U. S. 110. It is also held in some jurisdictions that, where there are two or more joint debtors, it is not sufficient to exhaust the legal remedies against one of them only, but they must be exhausted against all. *Voorhees v. Howard,* 4 Keyes (N. Y.) 371; *Child v. Brace,* 4 Pai. Ch. (N Y.) 308; *Field v. Hunt,* 22 How. Pr. (N. Y.) 329.

There are, however, two classes of cases, both commonly called creditors' suits, which, although resembling each other, are clearly distinguishable. The first, a creditor's suit strictly, so called, is where the creditor seeks to satisfy

his judgment out of the equitable assets of the debtor which can not be reached on execution. Generally in that class of cases the action can not be brought until the creditor has exhausted his remedy at law by the issue of an execution and its return unsatisfied. This is required because equity will not aid the creditor to collect his debt until the legal assets are exhausted, for until this is done he may have an adequate remedy at law. The second class of cases is where property legally liable to execution has been fraudulently conveyed or incumbered by the debtor, and the creditor brings the action to set aside the conveyance or incumbrance as an obstruction to the enforcement of his lien; for though the property might be sold on execution notwithstanding the fraudulent conveyance, the creditor will not be required to sell a doubtful or obstructed title. In the latter class of cases, the prevailing doctrine is that it is not necessary to allege that an execution has been returned unsatisfied, or that the debtor has no other property out of which the judgment can be satisfied; for that is not the ground upon which the court of equity assumes to grant relief in such cases, but upon the theory that the fraudulent conveyance is an obstruction which prevents the creditor's lien from being efficiently enforced upon the property. As to the creditor, the conveyance is void, and he has a right to have himself placed in the same position as if it had not been made. The fact that other property has been retained by the debtor, may be evidence that the conveyance is not fraudulent, but, if the grantee's title be tainted with fraud, he has no right to say that all other means to satisfy the debt shall be exhausted before he shall be disturbed. *Wadsworth v. Schisselbauer,* 32 Minn. 84, 19 N. W. 390; *Botsford v. Beers,* 11 Conn. *370; *Weightman v. Hatch,* 17 Ill. 281; *Vasser v. Henderson,* 40 Miss. 519. This distinction as to the two classes of cases is fully borne out in *Cornell v. Radway,* 22 Wis. 260; *Beck v. Burdett,* 1 Pai. Ch. (N. Y.) 305, and *Williams v. Hubbard,* Walk. Ch. (Mich.) 28. In the latter case it is said (p. 29) : "There are two classes of cases

in which a judgment creditor may come into this court for relief. First, in aid of his execution at law; as to set aside an incumbrance or a transfer of property made to defraud creditors. Second, to have his judgment paid out of choses in action, or other property of the debtor not liable to execution. Relief is given in these two classes of cases on different principles. In the first class, on the ground of fraud; and in the other, on the ground that the complainant has exhausted his remedy at law, and that it is inequitable and unjust for the debtor, under such circumstances, to refuse to apply any choses in action, or other property belonging to him not liable to execution, in payment of the judgment."

The opinion in *Fusze v. Stern,* 17 Ill. App. 429, 432, clearly draws the distinction betwen these two classes of cases. In that case it is said that the creditor, before he can have the aid of a court of equity to decree the equitable estate of his debtor subject to the payment of his debt, "must show by his bill, as in other cases where invoking equitable jurisdiction, that he has no adequate remedy at law, which can only be shown by alleging and proving that he has exhausted all the means provided by law for the collection of his debt, viz., a recovery of judgment, the issuing of execution and its return *nulla bona* by the officer charged with its collection. Another kind of bill analogous to this is where the creditor, having recovered judgment against his debtor, seeks to remove a fraudulent conveyance or incumbrance out of the way of an execution issued or to be issued upon such judgment. In such case equity will afford relief on the ground that such judgment is an equitable lien upon the real estate, nominally held by a third party under such fraudulent conveyance, and the creditor having this lien is entitled to levy upon and sell upon his execution such real estate discharged and untrammeled from the cloud upon it caused by such conveyance. In bills of this kind the complainant need not even prove return of execution *nulla bona,* as such conveyances are void by the statute, and courts of

equity do not hesitate to declare them void because of such fraud, and place the creditor in the same position, respecting his judgment, that he would have occupied if such conveyance had not been made. A recovery of a judgment which at the time of filing the bill would, in the absence of such conveyance, be a legal lien under the statute upon the land, is all that is necessary to aver and prove."

We think there is no dissent in the authorities from the principle announced in the above cases, all agreeing that a court of equity will assist the judgment creditor by removing a fraudulent obstruction placed in the way of the enforcement of his execution. In such case the equity court is not itself collecting the debt. It is merely lending its assistance to the legal tribunal in which the judgment was obtained in collecting from the debtor what is due by interposing its aid to accomplish what a court of law has no jurisdiction to do, viz., cancel a conveyance found to be fraudulent, and made for the purpose of putting the property beyond reach of the writ of the legal tribunal. It is upon the writ of the law court that the property is finally sold and the collection enforced.

We are satisfied that the decree of the district court was right and recommend its affirmance.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.