## EDGAR W. SHRIVER *v.* CHARLES L. CAPLES.

*Common Counts—Money Lent.*

In an action against an automobile dealer by one who had financed the dealer's purchases of automobiles, and to whom the dealer had indorsed notes received by him in payment for purchases of automobiles, which notes were not paid, *held* that, the action being upon the common counts to recover the money advanced, and not on the notes, prayers based on the theory that the action was on the notes were properly refused.

*Decided April 21st, 1926.*

Appeal from the Circuit Court for Baltimore County (PRESTON, J.).

Action by Charles L. Caples against Edgar W. Shriver. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Gwynn Nelson*, for the appellant.

*James P. Kelly, George Hartman*, and *C. Gus Grason*, for the appellee.

PATTISON, J., delivered the opinion of the Court.

This appeal is from a judgment entered in the Circuit Court for Baltimore County in favor of the appellee, plaintiff below, upon a verdict rendered by the court sitting as a jury.

The evidence of the appellee was that he, the owner of a garage in Reisterstown in Baltimore County, rented it to

the appellant, agent for the sale of Ford cars and tractors, and agreed to finance him in the purchase of cars and tractors bought by him, for which the appellee was to receive one-half of the profits from the sale of them. Under the agreement between the appellee and the appellant, the cars and tractors, upon their arrival at Reisterstown, were to be paid for by the appellee, and the appellant was then to sell them, and he in the sale of them was to assume all loss resulting from the nonpayment of the purchase money therefor. The money so advanced by the appellee for the purchase of the cars and tractors was by the agreement to be repaid to him. At times the appellant took from purchasers their notes in payment or part payment of the purchase money for the cars and tractors sold to them. These notes were made payable to the appellant and, to enable him to obtain the money thereon, they were first endorsed by him and delivered to the appellee, who endorsed and discounted them at bank.

The appellant, on the other hand, testified that while he was, in name, agent for the sale of the cars and tractors mentioned, the appellee was, in fact, the agent therefor. That the agency was in his name because the appellee could not secure the agency owing to the fact that he did not live in Reisterstown, but several miles away; that it was to conceal such real agency in the appellee that the notes were taken in the appellant's name and, being so taken in his name, it became necessary for him to endorse the notes to the appellee, and that such endorsement was for that purpose alone; that the notes were all taken, with one exception, upon the approval of the appellee, and it was agreed between them that he, the appellant, should in no sense be liable for any default in the payment of the notes, but all such loss should fall upon the appellee.

A number of the notes so taken by the appellant and endorsed and delivered by him to the appellee, and by the latter endorsed and discounted at bank, were not paid by the makers, and as a result thereof the appellee was required to pay them, in consequence of which the proceeds derived

from the discounting of said notes, which, after deduction of profits, the appellee had been allowed to retain as credits upon the amount paid by him for the cars and tractors bought by the appellant, were withdrawn from such application, leaving those amounts still owing by the appellant to him upon the money so advanced; and the suit in this case was brought upon the common counts to recover the money so owing and not upon the notes. *Bullock v. Campbell,* 9 Gill, 182, 184, and *Nelson v. Close,* 147 Md. 214, 218.

At the conclusion of the evidence, the defendant offered five prayers:

The first asked that the case be taken from the consideration of the jury on the ground that there was no evidence entitling the plaintiff to recover on the notes sued on.

By the second prayer the court was asked to instruct itself, sitting as a jury, that should it find "that Charles L. Caples (the appellee) was carrying on the agency for Ford automobiles and tractors in the name of. the defendant, Edwin W. Shriver, said Edwin W. Shriver receiving a commission only on all sales, and if they further find that the notes set out in the bill of particulars and sued on in this case were drawn by the makers and made payable to Edwin W. Shriver, who in turn endorsed them over to said Caples without any consideration passing from Caples to Shriver at said times, provided the jury so find, then their verdict must be for the defendant as to said promissory notes."

The third, fourth and fifth prayers each asked for a directed verdict for the defendant, one on each of the notes involved in the suit, on the ground that there was no evidence legally sufficient to entitle the plaintiff to recover thereon.

Of these prayers, the second only was granted. The others were refused. The plaintiff offered no prayers. There were, in addition to the exception on the prayers, eight other bills of exception to the ruling upon the evidence.

The defendant's first, third, fourth and fifth prayers, which asked for a directed verdict in favor of the defendant, and treated the action as a suit upon the notes, were properly refused, as the action was not upon the notes, but was brought, as we have said, to recover balance due plaintiff for money advanced by him in the purchase of the cars and tractors, and the claim made thereunder that the defendant was not given notice of the dishonor of the notes was not a conclusive defense in view of the evidence of the plaintiff. The second prayer of the defendant, which was granted, submitted to the jury the finding of the facts testified to by the defendant and instructed the jury that, if such facts were found by it to exist, it should find for the defendant.

We now come to the exceptions upon the admission of evidence.

The first exception is as to the court's ruling in permitting a question to be asked the plaintiff in relation to an item in the bill of particulars, which item was not thereafter allowed, and the defendant was not harmed thereby.

The second exception was to the action of the court in allowing the plaintiff to be asked if he gave valuable consideration for one of the notes that was discounted by him and thereafter paid by him to the bank because of the failure of the maker to pay it. The answer thereto did not injure the defendant as it added nothing to what had already been said or was thereafter said, without objection.

The other exceptions are all to the rulings of the court in admitting evidence as to the terms and conditions under which the garage had been operated by those who preceded the defendant in the conduct and operation of it. Some of this evidence might be regarded as irrelevant, yet we find nothing in it to warrant a reversal of the judgment, and, therefore, as we discover no reversible error in any of the rulings of the court, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*