Fox Valley Builders Corporation, a Wisconsin corporation, Appellant, v. Day, Respondent.

*No. 663 (1974). Submitted on briefs January 7, 1976.—*
*Decided March 2, 1976.*
(Also reported in 238 N. W. 2d 748.)

786

For the appellant the cause was submitted on the briefs of *Roy G. Stohlman* of Appleton.

For the respondent the cause was submitted on the brief of *Jeffrey F. Snyder* of Neenah.

ROBERT W. HANSEN, J. Shucks aside, the nubbin of this case is whether the dissolution agreement between the defendant, Day, and his partner, Williams, insulated Day from liability to plaintiff, Fox Valley Builders Corporation, for double payments made to the partnership before it was dissolved. We hold that it did not so insulate him.

Sec. 178.12, Stats., makes all partners in a partnership jointly liable for debts and obligations of the partnership which are not due to wrongful acts or breaches of trust. The double billing of and double payment by Fox Valley was admittedly a mistake of Day and Williams as partners. Therefore there was here a joint obligation of partners Day and Williams for which they were jointly sued.

Sec. 178.31, Stats., governs the discharge of existing liabilities on dissolution of a partnership. Sub. (1) provides that such dissolution ". . . does not of itself discharge the existing liability of any partner." Sub. (2) provides that, upon dissolution of a partnership, a partner is discharged from any existing liability ". . . by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business." Sub. (3) provides that, where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed

shall be discharged from any liability to any creditor of the partnership who ". . . knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligation."

Thus the withdrawing partner's liability on existing partnership obligations may be discharged by an agreement to that effect between him, his continuing partner and the partnership creditor or by a material alteration in nature or time of payment of the obligation between the continuing partner and the creditor who had notice of an agreement to assume the obligations of the partnership.

The trial court instructed the jury on the issue presented as follows:

"It is for you to determine from the evidence and in accordance with the instructions previously given to you on the burden of proof whether or not an obligation of the partnership of which the defendant, Thomas L. Day, was a partner, existed in favor of the plaintiff, Fox Valley Builders Corporation, as of the date of dissolution of the Modern Builders partnership business on or about February 29, 1972.

"If you find from such evidence that the plaintiff has met the burden of proof as to the existence of such liability as of such date, the defendant, Thomas L. Day, would then have the burden of proof on the establishment of any discharge from such liability, either through the agreement of or course of conduct on the part of the plaintiff, Fox Valley Builders Corporation."

The first problem in connection with this instruction is that, on this record, there can be no room for doubt and no dispute that an obligation to repay the plaintiff on the basis of a double payment existed on the date of dissolution of the partnership. The action here for money had or received is one based on a theory of *quasi*-contract; usually termed an action for unjust enrichment. (*See: Hicks v. Milwaukee County,* ante, p. 401, 238 N. W. 2d

509.) The law implies a contract of the partnership to repay a second billing and second payment for a single product or service performed, the second payment being one which, in good conscience, it should not be permitted to retain. Such action on such implied contract accrues or arises at the time of the second or overpayment. (*See: Bushnell v. Bushnell* (1890), 77 Wis. 435, 46 N. W. 442.)

The second problem in connection with the above-quoted portion of instructions given by the court to the jury is that there is no evidence in this record from which it can be found or inferred that there was an agreement on the part of the plaintiff, Fox Valley Builders Corporation, to discharge the defendant, Day, from liability for the double payment made. There is no evidence that plaintiff knew or consented to the provision of the dissolution agreement under which Williams agreed to assume all obligations of the partnership. Day suggests that a former employee of Fox Valley, who was instructed to contact Williams, might have found out about the dissolution agreement by talking with Williams, and might have agreed with Williams that Fox Valley would look only to Williams for repayment of the overpayment. That is not a reasonable inference to be drawn from the evidence in this record. Even if it were, there is no evidence that defendant Day was a party to any agreement reached between Fox Valley and Williams. Sub. (2) of sec. 178.31, Stats., as above set forth, requires a three-cornered agreement to include the withdrawing partner, the continuing partner and the partnership creditor. Sub. (2) also provides that ". . . such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business." There is no evidence here as to any course of dealing between the parties upon which the existence of the three-cornered agreement required could be inferred.

We hold that this case presents no real issue of law or fact. The law and the facts are alike clear. The double payment made by plaintiff, Fox Valley Builders Corporation, to the partnership, Day and Williams, for job No. 894, gave rise to an obligation of the partnership to refund the second payment made by mistake. This obligation to repay the overpayment existed on the date of the dissolution of the Day and Williams partnership, although it was not discovered until later. As a withdrawing partner, defendant Day continued to be jointly liable for the payment of such partnership obligation since there was no agreement, as required by sec. 178.31, Stats., between Day, Williams and Fox Valley, either express or inferred, that relieved Day from such liability.

We reverse the judgment of the trial court and remand this case for entry of judgment according to the demand of the complaint. Plaintiff seeks interest from October 8, 1971, but we find no evidence establishing a demand for payment prior to the commencement of the action. Therefore, interest is to run from the date of service of the complaint in this action. Finding the appendix filed by plaintiff-appellant on this appeal not to be complete or adequate under the rules of this court, costs on this appeal will not be awarded to either party.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment for the plaintiff consistent with this opinion. No costs to either party.