THOMAS H. CEPEL ET AL., AS TRUSTEES OF THE CEPEL
FAMILY TRUST, APPELLANTS, AND THOMAS H. CEPEL ET AL.,
INTERVENORS-APPELLEES AND CROSS-APPELLANTS, V.
PEGGY SMALLCOMB ET AL., APPELLEES AND CROSS-APPELLEES.

628 N.W.2d 654

Filed June 8, 2001.   No. S-00-021.

Raymond A. Hervert, of Nye, Hervert, Jorgensen & Watson, P.C., for appellants and intervenors-appellees.

Larry W. Beucke, of Parker, Grossart, Bahensky & Beucke, for appellees except Farm Credit Services of the Midlands.

Noyes W. Rogers for appellee Farm Credit Services of the Midlands.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

In this appeal, Thomas H. Cepel, Janell M. Macek, Kenneth O. Cepel, and Jeff J. Cepel, as trustees of the Cepel Family Trust (Cepel Trust), claim they paid more than their share of installment payments on a real estate mortgage. The Cepel Trust and the beneficiaries of the trust seek contribution from Peggy Smallcomb and others (the Smallcombs) and Farm Credit Services of the Midlands (Farm Credit), their codebtors on the mortgage. The Cepel Trust owned one section of land, and the Smallcombs owned another. Both sections were security for a mortgage which was held by Farm Credit. After four payments were made on the mortgage using funds from an estate under which the Cepels were devisees, the Smallcombs paid one-half of a payment. No further payments were made. This action ensued, which resulted in Farm Credit's seeking foreclosure and the Cepel Trust and the beneficiaries' seeking an accounting, contribution, and a declaration that the real property of the Smallcombs be sold first in foreclosure.

The district court ordered foreclosure on each property. The district court also determined that the statute of limitations had run on the first three payments and that the fourth payment was barred because of procedural errors.

We determine that the district court did not err in failing to direct that one property be sold before the other in foreclosure. We also determine, however, that the district court erred in concluding that the statute of limitations and procedural errors barred an award of contribution. We conclude that a cause of action for contribution accrues when a co-obligor has paid more than his or her share of the entire debt instead of accruing at each installment payment. Accordingly, we affirm in part, and in part reverse and remand for further proceedings.

## BACKGROUND

At one time, both the Cepel property and the Smallcomb property were owned by Harold Smallcomb and Mary Iva Smallcomb, husband and wife. Harold and Mary Smallcomb had two children, Maurice H. Smallcomb and Joan Smallcomb Cepel. Harold and Mary Smallcomb entered into a mortgage agreement with The Federal Land Bank of Omaha, which is now

Farm Credit. Both properties were included in the agreement. In September 1966, Harold and Mary Smallcomb restructured their ownership of the properties, with the result that Harold Smallcomb became the sole title owner of the Smallcomb property and Mary Smallcomb became the sole title owner of the Cepel property.

In 1974, Harold Smallcomb died and, through his last will and testament, left the Smallcomb property to Mary Smallcomb for life, then to Maurice Smallcomb. As a result of Harold Smallcomb's death, the mortgage agreement was reamortized, with the principal debtors being Mary Smallcomb, Maurice Smallcomb, and Maurice's wife, Peggy Smallcomb. Maurice Smallcomb later died and devised one-half to Peggy Smallcomb and an undivided one-half to his seven children, subject to a life estate in Peggy Smallcomb. In September 1991, Mary Smallcomb died, leaving nearly all of her estate in trust to Joan Cepel. Joan Cepel died 2 years later, conveying the remaining portions of the trust property to her four children.

Mary Smallcomb had paid the principal and interest under the mortgage agreement until her death. After Mary Smallcomb died, James Smallcomb, Maurice and Peggy Smallcomb's son, was appointed personal representative of Mary Smallcomb's estate and later was appointed the trustee of the trust created for Joan Cepel and her children. Using estate assets and income, James Smallcomb made four payments on the mortgage to Farm Credit as follows: (1) $8,672.73 on March 30, 1992, (2) $8,481.25 on March 31, 1993, (3) $8,250.90 on April 1, 1994, and (4) $9,035.56 on March 29, 1995. No other payments were made during this period of time by any party to Farm Credit. During this period of time, Joan Cepel died, and in July 1995, James Smallcomb distributed the Cepel property to Joan Cepel's children, who then placed the property into a second trust, the Cepel Trust. In October 1995, the county court entered a formal order for complete settlement of Mary Smallcomb's estate.

In July 1996, the Cepel Trust paid $4,481.64 to Farm Credit as principal and interest on the mortgage and the Smallcombs also paid $4,481.64 to Farm Credit. After this time, no further payments were made, and in July 1997, Farm Credit declared the mortgage in default and applied $4,700 of Farm Credit stock

against the unpaid balance. As of December 17, 1998, the court determined that Farm Credit was owed $32,950.51 in principal and $6,744.68 in accrued interest, with interest accruing at a daily rate of approximately $12.

On April 8, 1998, the Cepel Trust filed a petition seeking an accounting, foreclosure upon the Smallcomb property, and contribution for the amount the Cepel Trust paid over its proportionate share of the mortgage debt. In May, Farm Credit filed a cross-petition seeking an accounting, foreclosure, and a declaration that it held the first lien on the properties. The Smallcombs demurred to the Cepel Trust's petition, and in August, the district court sustained the demurrer on the ground that the petition failed to state a claim upon which relief could be granted except to the extent that the petition alleged contribution owed. The court further sustained the demurrer to claims for contribution arising before 1995 because the statute of limitations had run. In September, the Cepel Trust voluntarily dismissed its petition without prejudice.

In October 1998, the Cepel Trust filed an answer to Farm Credit's cross-petition, which also sought an accounting, contribution in the form of a money judgment against the Smallcombs, and foreclosure of the Smallcomb property before any foreclosure of the Cepel property. The Smallcombs filed a cross-petition and answer seeking an accounting of amounts due to Farm Credit, a finding that one-half was due each from the Cepel Trust and the Smallcombs, and a finding that upon a payment by the Smallcombs of their share, that the Cepel property be foreclosed first if the Cepel Trust failed to pay its share.

On February 1, 1999, the beneficiaries of the Cepel Trust and their spouses filed a petition in intervention, seeking the same relief as that of the Cepel Trust. The record does not show that a motion to intervene was ever sustained by the district court. The record does, however, show that Farm Credit and the Smallcombs each filed documents labeled as "Answer to Cepel Petition in Intervention," with both seeking that the petition in intervention be dismissed. Nothing in the record indicates that the petition in intervention was dismissed as a result of those pleadings.

All parties filed motions for summary judgment, with the beneficiaries intervening in the motion for summary judgment made by the Cepel Trust. In April 1999, the district court determined

that Farm Credit was entitled to foreclosure and sustained its motion for summary judgment. As a result, the court ordered that the Cepel Trust and/or the Smallcombs pay the amounts due on the mortgage within 20 days or the properties would be sold for satisfaction of the mortgage. The court then concluded that the Cepel Trust could have raised its concerns about the payment of funds from Mary Smallcomb's estate to Farm Credit at the time of the formal settlement of the estate or at the conclusion of the trust administration by James Smallcomb. The court further concluded that the Cepel Trust was not entitled to represent the interests of the beneficiaries in a contribution action, stating that such an action is an individual personal right and that no assignments of that right had been made to the Cepel Trust. As a result, the district court dismissed the cross-petition of the Cepel Trust.

Apparently recognizing that the summary judgment motions of the Cepel Trust and the Smallcombs had not been finally disposed of, the district court entered an order on December 10, 1999, incorporating the findings in the April order and formally denying the Cepel Trust's motion for summary judgment and sustaining the Smallcombs' motion for summary judgment. In its order, the court stated that each property was subject to payment of one-half of the debt to Farm Credit. The court declined, however, to direct Farm Credit to foreclose on one property before the other, stating that it would not direct Farm Credit in how to proceed in securing payment on the mortgage secured by the properties. The Cepel Trust filed a notice of appeal, as did the beneficiaries. See Neb. Ct. R. of Prac. 1C and 1E (rev. 2000).

## ASSIGNMENTS OF ERROR

The Cepel Trust and the beneficiaries filed a joint brief and assign, rephrased, that the district court erred in sustaining the motions for summary judgment of Farm Credit and the Smallcombs and in denying the Cepel Trust's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or

as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Allstate Ins. Co. v. LaRandeau, ante* p. 242, 622 N.W.2d 646 (2001); *Casey v. Levine, ante* p. 1, 621 N.W.2d 482 (2001).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Riggs v. Riggs, ante* p. 344, 622 N.W.2d 861 (2001); *Jones v. Paulson, ante* p. 327, 622 N.W.2d 857 (2001).

## ANALYSIS

The Cepel Trust and the beneficiaries argue that the district court erred in sustaining the motions for summary judgment made by the Smallcombs and Farm Credit and in overruling their motion for summary judgment. The district court based its decision to sustain the Smallcombs' and Farm Credit's motions for summary judgment on several alternate grounds.

### CEPEL TRUST AS PROPER PARTY

The district court determined that the Cepel Trust was not entitled to represent the interests of the beneficiaries in a contribution action, stating that such an action is an individual personal right and that no assignments of that right had been made to the Cepel Trust. The beneficiaries of the Cepel Trust, however, intervened in the action. Thus, regardless of whether the Cepel Trust could or could not represent the interests of the beneficiaries, the beneficiaries were also individual parties to the action. To the extent that the district court based its decision to sustain the Smallcombs' motion for summary judgment on the basis that the beneficiaries of the Cepel Trust were not represented in the action and had not assigned their claims, the court was in error.

### ISSUES NOT RAISED IN ESTATE PROCEEDINGS

The district court also determined that the Cepel Trust could have raised its concerns about the payment of funds from Mary Smallcomb's estate to Farm Credit at the time of the formal settlement of the estate or the conclusion of the trust administration by James Smallcomb. The Cepel Trust's action, however, is not based on the premise that the payments to Farm Credit should not have been made with estate funds. Rather, it is an action for contribution, in which the Cepel Trust seeks an order compelling the

Smallcombs to pay their proportionate share of the debt. Thus, the action is entirely separate from the probate and trust proceedings. We conclude that to the extent the district court sustained the Smallcombs' motion for summary judgment on the basis that issues of contribution should have been raised in probate and trust proceedings, the court was in error.

### STATUTE OF LIMITATIONS

The district court sustained the Smallcombs' demurrer to claims for contribution arising before 1995 because the statute of limitations had run. The Cepel Trust and the beneficiaries rely on principles of equity to argue that a statute of limitations does not apply.

■ However, we have previously referred to an action for contribution as an action that was, in effect, an action at law upon an implied contract. *Scotts Bluff County v. State*, 133 Neb. 508, 276 N.W. 185 (1937). Accordingly, we conclude that the appropriate statute of limitations in this case is Neb. Rev. Stat. § 25-206 (Reissue 1995), which states that "[a]n action upon a contract, not in writing, expressed or implied . . . can only be brought within four years." Because the Cepel Trust made multiple payments to Farm Credit, the next issue is whether the action accrued on each payment where the Cepel Trust paid more than its proportionate share of the payment, or if the action accrues when more than the proportionate share of the entire balance of the debt is paid.

We have not previously addressed whether the statute of limitations in a contribution action begins to run on the date of each payment. Few jurisdictions have squarely addressed the issue. Of these, a majority hold that a statute of limitations begins to run on each payment where one party pays more than his or her proportionate share of the payment. See, *Hudson v. Bennett*, No. 88C-NO-25, 1989 WL 12241 (Del. Super. Jan. 27, 1989); *Bushnell vs. Bushnell and another*, 77 Wis. 435, 46 N.W. 442 (1890); *Robinson v. Jennings*, 70 Ky. 630 (7 Bush) (1871) (applying state statute and stating in dicta that same rule would apply absent applicable statute); 18 Am. Jur. 2d *Contribution* § 104 (1985 & Cum. Supp. 2000). See, generally, *Kee v. Lofton*, 12 Kan. App. 2d 155, 737 P.2d 55 (1987) (citing *Bushnell, supra*, and *Robinson, supra*).

■ In *Exchange Elevator Company v. Marshall*, 147 Neb. 48, 22 N.W.2d 403 (1946), however, we indicated that the right to contribution does not accrue until a party has made payments that exceed his or her proportionate share of the entire debt. We are persuaded that this is the better rule. As co-obligors to a debt, the parties are each liable for a proportionate share of the debt as a whole. Thus, we hold that an action for contribution does not accrue until a co-obligor has paid more than his or her proportionate share of the debt as a whole.

In this case, the district court erred in determining that the statutory period had run on all payments made before April 8, 1994. Instead, a cause of action for contribution accrued or will accrue at the time when the Cepel Trust paid or does pay more than one-half of the debt as a whole. At the point where the Cepel Trust pays or has paid one-half of the debt as a whole, it is entitled to contribution for any payments made over that amount and the statute of limitations begins to run. We are unable to determine from the record whether the Cepel Trust has yet paid over one-half of the debt as a whole. Accordingly, we remand for a determination of whether the statute of limitations has accrued and the amount of contribution owed by the Smallcombs, if any.

The Cepel Trust and the beneficiaries next contend that principles of equity should intervene to allow them to force a sale of the Smallcomb property, instead of the Cepel property, in order to pay any remaining debt. Their argument is essentially that the Cepel Trust holds an equitable lien upon the Smallcomb property which it can foreclose in order to pay the remainder of the debt owed to Farm Credit.

■ An equitable lien is a right, not recognized at law, to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt or class of debts. *Allied Mut. Ins. Co. v. Midplains Waste Mgmt.*, 259 Neb. 808, 612 N.W.2d 488 (2000); *Schroeder v. Ely*, 161 Neb. 252, 73 N.W.2d 165 (1955). It is not an estate or property in the thing itself, nor is it a right to recover the thing; that is, it is not a right which may be the basis of a possessory action, but it is merely a charge upon it. *Id*. But before a creditor can have the aid of a court of equity to decree the property of a debtor subject to the payment of a

debt, the creditor must show that he or she has no adequate remedy at law. This can be shown only by alleging and proving that the creditor has exhausted all means provided by law for the collection of the debt, for example, by showing a recovery of judgment, the issuing of execution, and its return unsatisfied. *State Bank of Ceresco v. Belk*, 68 Neb. 517, 94 N.W. 617 (1903). In this case, the Cepel Trust and the beneficiaries have yet to obtain a judgment that they can foreclose through an equitable lien theory. Accordingly, their argument is without merit.

■ The Cepel Trust and the beneficiaries next contend that the district court erred in declining to direct Farm Credit to sell the Smallcomb property instead of the Cepel property if a foreclosure sale were to become necessary. Although Farm Credit sought and was granted foreclosure, the parties were given 20 days to pay the amount due to Farm Credit. Nothing in the record indicates that the parties will not pay their debt to Farm Credit and that a foreclosure sale will actually occur. Thus, issues regarding how any future foreclosure sale should be handled are speculative. In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory. *US Ecology v. State*, 258 Neb. 10, 601 N.W.2d 775 (1999). We conclude that the district court did not err in declining to direct Farm Credit to sell one tract of property before another.

## CONCLUSION

We conclude that the district court was correct in sustaining Farm Credit's motion for summary judgment and in declining to direct Farm Credit to sell one tract of property before another. We also conclude, however, that the district court erred in determining that the statute of limitations barred the Cepel Trust and the beneficaries' claims for contribution for payments made before April 8, 1994, and erred in sustaining the Smallcombs' motion for summary judgment as it pertains to the claims for contribution. Accordingly, we remand the matter for a determination of when or if a cause of action for contribution has accrued and the amount of contribution due, if any.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.