### JOB CRANSON v. JOHN T. SMITH.
· [See ante, p. 189.]

*Transfers by debtors before judgment.*

Where a judgment creditor has elected to treat as fraudulent a conveyance made by his debtor before the judgment, and notwithstanding the transfer of title has proceeded to sell the property on an execution, he cannot afterward maintain a bill in equity to set aside the conveyance.

Motion for rehearing. Submitted Jan. 4. Denied Jan. 5.

*H. H. Harmon* for the motion.

PER CURIAM. The motion for a rehearing in this case must be denied. The party elected his remedy when, instead of filing his bill to set aside the alleged fraudulent conveyance before proceeding to a sale, he decided to treat that conveyance as void and sell at once. That there are serious objections to that course was made evident in what was said in *Messmore v. Huggard* 46 Mich. 558. If the judgment creditor is entitled, of strict legal right, to proceed to the sale when the title of record is not in the judgment debtor, and when competition at the sale will be precluded by that fact, it is no more than justice to leave him to rely upon the strict legal right, and to refuse equitable assistance in perfecting a sale that ought not to have been made under the circumstances.