EPHRAIM B. STILLINGS *vs.* EDWARD T. TURNER.

Suffolk. February 27, 1891. — May 19, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Fraudulent Conveyance — Subsidiary Agreement.*

An agreement, by the grantee of a business conveyed to him in fraud of the grantor's creditors, to account, after reconveying the same to the grantor, for the profits received by him while the business was in his hands, is valid and binding upon him.

CONTRACT on an account stated and on an account annexed. Trial in the Superior Court, before *Barker,* J., who reported the case for the determination of this court. The facts appear in the opinion.

*H. L. Baker & A. P. Worthen,* for the plaintiff.

*C. F. Perkins & A. M. Lyman,* for the defendant.

MORTON, J. The declaration in this case contains two counts. The first one is for a sum found due upon an accounting together by the plaintiff and the defendant, and the second is upon an account annexed. The amount claimed in both counts is the same. At the conclusion of the evidence, the defendant asked the court to rule that the action could not be maintained. The court declined so to rule, and ruled that there was no question for the jury, and ordered a verdict for the plaintiff for the amount claimed and interest, and reported the case to this court. If the ruling was right, judgment is to be entered on the verdict; otherwise, judgment is to be entered for the defendant.

We think the ruling was right. It appears that, in 1884, the plaintiff, who was then engaged in the printing business in Boston, conveyed to the defendant, by bill of sale under seal, all his business, stock in trade, and good will. The defendant was at the time in the plaintiff's service, and there was no real consideration for the transfer. The object of the transaction was to prevent the plaintiff's wife from attaching the property as the plaintiff's, on a libel for divorce, which he thought she was about to bring against him. The plaintiff caused a notice to be published in the Boston Daily Advertiser, that he had sold

the business to the defendant, and the defendant kept possession of it and managed it till May 2, 1885, when he conveyed it back to the plaintiff. In August, 1885, there was an accounting between the plaintiff and the defendant, and the defendant gave the plaintiff his note for $150.17, being the amount of the profits during the time the defendant carried on the business that was not accounted for by him to the plaintiff. In October, 1885, there was another accounting between them, the defendant claiming that he was entitled to full commissions on certain work, and the plaintiff finally agreeing to allow him in settlement one half said commissions, or $56.67. At this accounting the note was returned by the plaintiff, and the amount found due the plaintiff was $110.50, less a credit of $20 paid by the defendant to the plaintiff, and this balance was the amount claimed in the account annexed to the plaintiff's declaration. The defendant was charged in this accounting, which included other debit items, with the item, "Note returned, $150.17," and credited, among other items, with the item of "Commissions, $56.67," and he admitted that he had promised, orally and in writing, to pay the plaintiff the amount of the account annexed.

The defendant contends that he is not liable on the account annexed; that he can go behind the accounting; that striking out of the last accounting the $150.17 for "Note returned," the balance will be in his favor; and that he is entitled to have that item stricken out, as it came out of the conveyance made by the plaintiff to the defendant for the purpose of defrauding his (the plaintiff's) creditors. The defendant certainly does not stand in any better position than he would if the note for $150.17 had been given by him to the plaintiff at the time of the conveyance for the property conveyed, and as part of the scheme to defraud creditors. But in such a case it is clear that the plaintiff could have recovered against the defendant on the note. *Dyer* v. *Homer*, 22 Pick. 253. *Harvey* v. *Varney*, 98 Mass. 118. We do not see that it makes any difference that the note in the present case was given for profits received by the defendant while the business was in his hands under the fraudulent conveyance. It was given as the result of an accounting between the plaintiff and the defendant, and while the conveyance could have been avoided by creditors

of the plaintiff, it was, as has been repeatedly held in this State, good as between the parties to it; and neither the plaintiff nor the defendant can avoid any agreement or obligation or settlement entered into respecting the business which was conveyed, on the ground that the transaction was in its inception designed to defraud the creditors of the plaintiff. *Dyer* v. *Homer*, 22 Pick. 253. *Harvey* v. *Varney*, 98 Mass. 118. This is not a case in which the plaintiff is seeking to recover of the defendant property which the plaintiff conveyed to him in fraud of his (the plaintiff's) creditors, but is a case in which the plaintiff seeks to hold the defendant to the contract and agreement which he has made with the plaintiff respecting the profits which he has received from the property which he has himself reconveyed to the plaintiff. The defendant is not to be allowed to defeat his contract or agreement by setting up his participation in a preliminary fraud. The original transaction, however, was not *turpis causa*, but was valid until avoided by the creditors of the plaintiff, and there is no reason why any contract or agreement between the plaintiff and the defendant growing out of it should not be held good.

As these considerations dispose of the case, it is not necessary to inquire how far the items of an account stated may be gone into, or what would be the effect if the item in the account of " Note returned, $150.17," were unlawful.

*Judgment on the verdict.*