MOLLIE PASS et al v. J. C. LYNCH et al.

*Fraudulent Conveyance—Estoppel.*

1. A purchaser of land, knowing that another claimed title thereto under a mortgage which was obtained by fraudulent representations, cannot attack the mortgage on the ground that it was so obtained.

2. A purchaser of land under a mortgage, having knowledge at the time of purchase that a prior mortgage was made with intent to defraud mortgagor's creditors, cannot attack such prior mortgage upon such ground, he not being a creditor of the mortgagor.

PASS *v.* LYNCH.

PETITION for partition, filed before the Clerk of the
Superior Court of SURRY County, and, upon issues joined,
transferred for trial to the Civil Issue Docket at Term and
tried before *Brown, J.,* at Fall Term, 1895, of said Court.
The facts appear in the opinion of Associate Justice
MONTGOMERY.   The jury under instructions from his Honor
answered the issues in favor of the plaintiff, and from the
judgment thereon the defendant, Hattie L. Pass, appealed.

*Mr. A. E. Holton,* for H. L. Pass (appellant).
*Messrs. Glenn & Manly,* for appellee.

MONTGOMERY, J.: This was a proceeding before the
clerk for the partition of real estate.   The plaintiff alleges
a tenancy in common with the defendants Hattie L. Pass
and Nellie Lynch, and claims her interest by deed of pur-
chase from E. H. Pass, mortgagee of John W. Pass and
his wife Hattie L.   The defendants deny the plaintiff's
right and aver that her alleged interest belongs to the
defendant Hattie, who holds the same by deed from Phil-
lips and other *subsequent* mortgagees of John W. Pass and
his wife, Hattie L.   The priority of the mortgage to E. H.
Pass is admitted, and also the deed from E. H. Pass, the
mortgagee, to the plaintiff; but the defendants aver that
the mortgage to E. H. Pass was void because it was made
to defraud the creditors of John W. Pass and that the
plaintiff knew it.   These issues of fact were sent up to the
Superior Court, where upon the trial the defendant Hattie
L. Pass introduced her husband John W. Pass, as a witness
to prove that the mortgage executed by him and his wife
to E. H. Pass "was made by reason of false and fraudulent
representations of E. H. Pass."   Objection to this testi-
mony by the plaintiff was sustained by his Honor and the
defendant, Hattie L., excepted.   It is evident that the

defendant intended by this question to prove by the wit-
ness that there was fraud between him (the witness) and
E. H. Pass in the execution of the mortgage other than to
defraud the witness' creditors, as was averred in the answer,
for the very next thing the defendant Hattie offered to
prove was that she had no knowledge of the *fraudulent
purpose of John W. Pass and E. H. Pass in executing* the
mortgage to E. H. Pass at the time when she signed the
same.    Fraud there was, she admits, in the minds of her
husband the mortgagor and his brother the mortgagee.
If John W. Pass executed the mortgage to E. H. Pass for
the purpose of defrauding purchasers, and this must have
been the kind of fraud which the defendant Hattie intended
to prove, for later on in the trial she undertook to prove
the fraud set up in the answer, to wit : That the mortgage
was executed to defraud the creditors of John W. Pass, the
court below committed no error.    The defendant is bound
by the prior mortgage and purchase under it by the plain-
tiff, because she had knowledge of it before she purchased
under the subsequent mortgage to Phillips.    The 27th of
Elizabeth, amended by our Act of 1840, does not protect
her against the prior mortgage and the purchase under it
by the plaintiff, because of the knowledge on her part.
*Hiatt* v. *Wade*, 8 Ired., 340 ; *Triplett* v. *Witherspoon*, 70
N. C. 589.    The defendant Hattie L. Pass, also offered to
prove by the same witness that the mortgage from him to
E. H. Pass was made as averred in the answer for the pur-
pose of defrauding the creditors of the witness ; that E.
H. Pass was a party to such a purpose, and that the plain-
tiff knew of it.    The plaintiff objected.    The court sus-
tained the objection and the defendant Hattie excepted.
There is no error in this ruling.    If it be admitted that
the mortgage was executed to defraud creditors as alleged
in the answer, yet the defendant is bound by the sale and

purchase by the plaintiff under prior mortgage, because the defendant is not a creditor, nor are there any creditors of John W. Pass, parties to this proceeding. *Triplett* v. *Witherspoon, supra; Helms* v. *Green,* 105 N. C., 251. There is no error and the judgment of the court below is affirmed.

Affirmed.