LEFMANN v. BRILL.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1905.)

No. 1,410.

1. FRAUDULENT CONVEYANCE—VALIDITY AS BETWEEN PARTIES.

A mortgage made to defraud the creditors of the mortgagor is good between the parties, and, if the mortgagee can make a case without the fraud appearing, it cannot be invoked to defeat the conveyance by the mortgagor or any one in privity with him.

2. SAME—ASSIGNEE OF EQUITY OF REDEMPTION—GENERAL CREDITORS.

A wife who recovered a decree against her husband in a suit for maintenance which awarded her specific property, including real estate upon which her husband prior to the suit had executed a mortgage covering his interest, cannot avoid such mortgage on the ground that it was made for the purpose of defeating her claim for maintenance either as owner of the equity of redemption, in which capacity she is in full privity with her

husband, or as his creditor, having no unsatisfied judgment or decree against him which is essential to entitle her to attack the conveyance as fraudulent.

**3. JUDGMENT—MATTERS CONCLUDED.**

Where a wife, in a suit for maintenance, made a mortgagee of her husband a party, but the court in a decree awarding her the husband's interest in the mortgaged property expressly refused to make any finding as to the validity of the mortgage, but dismissed the mortgagee's cross-petition without prejudice, his mortgage not having matured, such decree did not affect the rights of either party in a subsequent suit for foreclosure.

**4. MORTGAGES—DEFENSES—SUFFICIENCY OF EVIDENCE.**

Evidence considered, and *held* insufficient to establish want of consideration for a mortgage or payment of the mortgage debt.

**5. SAME—PAYMENT.**

The assignee of a mortgagor's equity of redemption is not entitled to insist, in a suit to foreclose the mortgage, to which the mortgagor is not a party, that money deposited by the mortgagor with the mortgagee subject to his order, in an entirely separate transaction having no connection with the mortgage, shall be accounted for by the mortgagee and applied on the mortgage debt.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

This is a bill to enforce a mortgage upon real estate made by J. W. Brill January 22, 1901, to secure the mortgagor's note of even date for $6,200, payable to the mortgagee, Charles F. Lefmann. The prayer of the bill is for a sale of the mortgaged premises to satisfy the debt secured. Shortly after this mortgage was executed Mrs. Louisa K. Brill, the wife of the mortgagor, filed a petition in the court of common pleas for Cuyahoga county, Ohio, against her husband, the mortgagor, to secure alimony, alleging abandonment without good cause. The only decree sought was one compelling the husband to provide for the maintenance of the wife and children of the marriage. The proceeding was one authorized by section 5702 and 5703, Rev. St. Ohio 1905. By section 5703 it is provided that under such a proceeding the court may "give judgment in favor of the wife for such alimony out of her husband's real and personal property as is just and equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or installments." A number of parcels of real estate were described as owned by her husband, among them the mortgaged premises, being the place occupied by Mr. and Mrs. Brill on Euclid avenue, Cleveland, Ohio, as a residence. The petitioner prayed for and obtained an order restraining the defendant from selling or incumbering any of the property described, and that same be set apart to her for the maintenance and support of herself and children. By an amended petition filed April 6, 1901, Charles F. Lefmann was made a defendant upon an allegation that "he claimed some interest or estate in the premises described." That he had in fact any right or interest the petition denied, but prayed that he "be required to answer and set up whatever interest or estate he may claim in said premises or be forever barred from hereafter in any way asserting same." Lefmann answered and filed a cross-petition, setting up the note and mortgage herein sought to be enforced, and prayed that his interests should be protected and his claim paid out of any proceeds arising from any sale of the premises "prior to any claims of the plaintiff." J. W. Brill was made a party by publication under sections 5045, 5049, Rev. St. Ohio 1905, but did not appear or defend. Such proceedings were had as resulted in a decree of the court finding that J. W. Brill had without good cause abandoned his wife and children, and that the petitioner was entitled to alimony. Thereupon said court adjudged "that the said plaintiff have and possess, as and for a portion of her alimony, all of the real estate hereinbefore described as parcels A, B, and C, and also all of the defendant's interest, being one-half interest in common in the real estate hereinbefore described as

parcels Nos. 1 and 2, and that she have and hold the same henceforth as and for her own separate property and estate free and clear from any and all claims of the defendant, Joseph W. Brill. * * * "

The property described as parcels Nos. 1 and 2 are the mortgaged premises, said mortgage having been made prior to this suit for alimony. In respect to this mortgage and the cross-petition of Lefmann, the decree cites that the cause was heard upon the "amended petition, the answer and cross-petition of Charles F. Lefmann, * * *" and at the tail of the decree it is said: "It is further ordered, adjudged and decreed that the answer and cross-petition of Charles F. Lefmann be, and the same is hereby, dismissed at the cost of the plaintiff without prejudice, however, to any right of the said Charles F. Lefmann to hereafter bring or maintain an action to enforce the lien of his mortgage set up by him in his said answer and cross-petition, and the court makes no finding as to the validity or invalidity of the said mortgage." The right of redemption belonging to J. W. Brill as mortgagor having been acquired by Mrs. Brill through the aforementioned decree of the Cuyahoga court of common pleas, she alone was made a defendant to the present bill of foreclosure, although an effort to make J. W. Brill personally a party was unsuccessful. The present bill was answered by Mrs. Brill and a decree resisted upon allegation that the mortgage was made by her said husband in anticipation of her said suit for alimony and for the purpose of incumbering his interest in the mortgaged premises, and thereby fraudulently defeating her claim for alimony. The answer further denied that there was any consideration for the note and mortgage, and that if founded upon any good consideration the note secured by the mortgage had been satisfied, paid, and canceled. By way of cross-bill the respondent averred that the mortgage so set up constituted a cloud upon her title, and she prayed that it be decreed null and void and canceled as a cloud. Upon pleadings and evidence the Circuit Court held that the mortgage was without consideration, having been made by the said J. W. Brill "for the purpose of creating an apparent incumbrance and lien upon the said property of the defendant, Louisa K. Brill, and that there is nothing whatever due to the complainant upon said note or mortgage. * * *" The court further decreed the cancellation of the mortgage as a cloud upon the cross-complainant's title. From this decree the complainant mortgagee has appealed and assigned error.

Brewer, Cook & McGowan, for appellant.

Blandin, Rice & Ginn, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

A conveyance in fraud of the creditors of the grantor, or a mortgage made to hinder, delay, and defraud creditors, is good between the parties and those in privity with them. The statute of Elizabeth is only intended to protect creditors, as to all others the mortgage or conveyance is valid. 14 Am. & Eng. Ency. Law, 272 et seq.; Barton v. Morris, 15 Ohio, 408; Pride v. Andrew, 51 Ohio St. 405, 38 N. E. 84; Maley v. Barrett, 2 Sneed, 501; Battle v. Street, 85 Tenn. 282, 2 S. W. 384; Williams' Adm'r v. Williams, 34 Pa. 312. It is therefore settled by the weight of reason and authority that, if the plaintiff can make out a prima facie case without developing the fraud in the transaction, the defendant mortgagor, or those in privity with him, will not be permitted to show in defense to an action at law or bill in equity his own fraudulent purposes as respects third persons as a means of avoiding the transaction. Harvey v. Varney, 98 Mass. 118; Bonesteel v. Sullivan, 104 Pa. 9; Barwick v. Moyse, 74 Miss.

415, 21 South. 238, 60 Am. St. Rep. 512; Pass v. Lynch, 117 N. C. 453, 23 S. E. 357; Blake v. Williams, 36 N. H. 40; Dunbar v. McFall, 9 Humph. 505; Jackson v. Garnsey, 16 Johns. 189; Osborne v. Moss, 7 Johns. 161, 5 Am. Dec. 252; 1 Beach, Modern Eq. Jur. pp. 470, 471; Bradfeldt v. Cooke, 27 Or. 194, 40 Pac. 1, 50 Am. St. Rep. 701; Carpenter v. McClure, 39 Vt. 9, 91 Am. Dec. 370; Battle v. Street, 85 Tenn. 282, 2 S. W. 384.

We are aware that there are cases holding that even at law an action based upon a mortgage made to defraud creditors may be defeated by the mortgagor upon evidence of the fraudulent purpose of the parties in respect to his creditors. Williams v. Clink, 90 Mich. 297, 51 N. W. 453, 30 Am. St. Rep. 443; McQuade v. Rosecrans, 36 Ohio St. 442. Such cases go upon the ground that a court will not aid either party to an illegal contract. But when the contract is not fraudulent as between the parties, and only so as to third parties, it is difficult to see the proper application of that principle. An instrument whether a deed of conveyance or a mortgage if voidable only as to creditors of the grantor is not one of that class of contracts which the courts refuse to recognize as turpis causa, and the maxim "Ex dolo malo non oritur actio" has no proper application, at least when the evil purpose is disclosed only by the defendant himself for the purpose of avoiding his own contract. Giddens v. Bolling, 93 Ala. 92, 9 South. 427; Springer v. Drosch, 32 Ind. 486, 2 Am. Rep. 356; Butler v. Moore, 73 Me. 151, 40 Am. Rep. 348; Stillings v. Turner, 153 Mass. 534, 27 N. E. 671. As we shall see more fully later, the complainant actually loaned his money upon the faith of this mortgage, and the mortgagor received and holds it now. Conceding that his purpose was to convert his property into money by using it as a security, and that the lender knew that his object in doing this was to hinder and delay his creditors, the transaction was voidable only by the creditors effected, and, if they do not complain, it does not lie in the mouth of the mortgagor or those holding his equity of redemption to defeat the enforcement of a lien absolutely valid between the parties. Unless, therefore, Mrs. Brill has some other attitude than that of one in privity with the mortgagor, she cannot rely upon evidence tending to show that the intent of the mortgagor and mortgagee was to hinder and delay the mortgagor's creditors.

But it is urged that a conveyance made for the purpose of hindering, delaying, or defeating a wife's claim for maintenance and support is one made to defeat the creditors within the sense of the statute of Elizabeth, and therefore voidable by her. To support this the cases of Lockwood v. Krum, 34 Ohio St. 1, and Bouslough v. Bouslough, 68 Pa. 495, are cited. Conceding this, for the purposes of the case, will not improve Mrs. Brill's attitude in the present suit. This is not a suit for alimony or maintenance, nor has she any unsatisfied judgment or decree according to her alimony or maintenance. To enable her, as a creditor, to question the validity of her husband's mortgage, it should affirmatively appear that she is a creditor by judgment or decree. A creditor at large has no standing

to question the conveyance of his debtor. He must come with an established debt settled by judgment or decree or he is not a creditor within the meaning of the statute of Elizabeth. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Wiggins v. Armstrong, 2 Johns. Ch. 144; Chester v. Greer, 5 Humph. 26; Hopkins v. Webb, 9 Humph. 519.

Neither can Mrs. Brill question the bona fides of this mortgage if she is to be regarded only as the purchaser of the mortgagor's equity of redemption or interest in the property subject to the mortgage. Both at common law and under the law of Ohio the legal title passed under this mortgage to Lefmann the mortgagee. After condition broken the mortgagor and the assigns of his interest hold only the equitable right of redemption. The title of Lefmann is the complete legal title by virtue of the mortgage and condition broken, subject, however, to redemption by the mortgagor or those in privity with him. Childs v. Childs, 10 Ohio St. 339, 345, 75 Am. Dec. 512; Van Ness v. Hyatt, 13 Pet. 294, 10 L. Ed. 168. The purchaser of an equity of redemption as such or the assignee of a mortgagor's interest in mortgaged property stands in the shoes of the mortgagor, and as one in privity with him can make no defense which he could not make. Such a purchaser is in no better situation than the person from whom he derives his title, and is bound by the considerations which would effect or estop him. Hughes v. Edwards, 9 Wheat. 489, 497, 6 L. Ed. 142; Brewer v. Hyndman, 18 N. H. 9; Childs v. Childs, 10 Ohio St. 339, 75 Am. Dec. 512; Pass v. Lynch, 117 N. C. 453, 23 S. E. 357; Griffin v. Wardlaw, Harp. 481; Messmore v. Huggard, 46 Mich. 558, 9 N. W. 853; Cranson v. Smith, 47 Mich. 647, 11 N. W. 186; Brown v. Snell, 46 Me. 490; Freeland v. Freeland, 102 Mass. 475.

The mortgaged premises constitute the home or family residence of Mr. and Mrs. Brill. Each owned an undivided one-half interest. The premises were described in her petition for alimony, and one of the prayers was that J. W. Brill's one-half interest in the premises be set off to her as a portion of her alimony. Her amended petition made Lefmann a party defendant, and averred that he "has a claim to have some interest or estate" in this residential property, but denied that he had "any interest or estate whatever." The prayer was that he be required to "answer and set up his estate, or whatever he may claim in said premises, or to be forever barred from hereafter asserting the same." Lefmann answered, and made his answer a cross-petition, setting up his mortgage and asking that his interest be protected in any decree made and his claim paid out of proceeds of sale of mortgaged premises, if any was made. As his debt had not matured, he was not in a situation to obtain a decree of foreclosure; hence his prayer that his interest as a mortgagee be protected. The common pleas court declined to do anything in respect of Lefmann's mortgage. The final decree gave to Mrs. Brill her husband's interest in the mortgaged premises, describing it as "all of the defendant's interest, being one-half interest in common in real estate heretofore described as parcels Nos. 1 and 2, and that she have and hold same

henceforth as and for her own separate property and estate, free and clear from any and all claim by the said Joseph W. Brill," etc. Brill was ordered to make a deed conveying "all his interest, right and title in and to" the several parcels awarded Mrs. Brill, and upon failure to make such a deed within three days it was ordered "that this decree operate as such." But the court did not award her this property free from the interest or claim of the other defendant Charles F. Lefmann, who had asserted his mortgage. Upon the contrary, the court concluded its decree in these words:

"It is further ordered and decreed that the answer and cross-petition of Chas. F. Lefmann be, and the same is hereby, dismissed, at the cost of the plaintiff, without prejudice, however, to any right of the said Charles F. Lefmann to hereafter bring or maintain an action to enforce the lien of the mortgage set up by him in his said answer and cross-petition, and the court makes no finding as to the validity or invalidity of the said mortgage."

The plain import of this decree is to assign to Mrs. Brill neither more nor less than the interest of her husband in the mortgaged premises. If her husband had made a deed as required, he would have conveyed only his right, title, and interest. Failing to make the deed, the decree operated as just such a conveyance. Mrs. Brill is therefore a mere assignee of the mortgagor's interest and stands in full privity with him.

Neither can we agree with the contention of the counsel for Lefmann that the decree is a bar to any defense against the mortgage. The rights of the mortgagee, having been expressly reserved and not determined, are manifestly not adjudicated. Humphreys v. McKissock, 140 U. S. 304, 315, 11 Sup. Ct. 779, 35 L. Ed. 473. As a purchaser of the mortgagor's interest in the mortgaged premises, she is bound by the mortgage to the full extent that the mortgagor would be bound and can make no defense which he could not make. There has, however, been no assumption of the mortgage debt by Mrs. Brill. Her position in defending is therefore not embarrassed by the limitations which result from the assumption of an incumbrance with respect to defenses which might otherwise be open to a mere assignee of incumbered property. De Wolf v. Johnson, 10 Wheat. 367, 392, 6 L. Ed. 343; Sands v. Church, 6 N. Y. 347; Knickerbocker Life Ins. Co. v. Nelson, 78 N. Y. 137, 150. Neither the mortgage nor the note secured nor any pleading filed by the complainant disclose any fraudulent purpose of the parties to defeat the mortgagor's creditors or any anticipated claim for alimony by Mrs. Brill. The mortgage in suit was made to secure future advances to the extent of $6,000, and a note for that amount, and $200 as agreed compensation to Lefmann for acting as banker, was executed.

In the circumstances of this case the admissions of J. W. Brill are not conclusive against Mrs. Brill, but his evidence was taken by her in respect to his indebtedness under this mortgage to Lefmann. She thus vouches for his credibility. He testifies that the mortgage was made to secure $6,000, which Lefmann agreed to lend him as he should need it, and that between the date of the mortgage and April 4th following he did obtain from Lefmann on account of this mort-

142 F.—4

gage $5,715.94, leaving due to him $285.06. He testifies that with this sum of $285.06 deducted from the amount of the note he owes every dollar of the remainder, with interest. Lefmann's evidence is in accord with this evidence of Brill, and there is no direct or material circumstantial evidence tending to show any other credits to which the mortgage debt is entitled. It is not clear upon this record that Brill had any purpose in making this mortgage to evade the payment of any person rightly to be esteemed a creditor within the meaning of the statute of Elizabeth. He wanted ready money to defend against an impending and dangerous criminal prosecution, and also to defend an anticipated civil suit for a tortious assault. He says he anticipated no divorce or alimony suit by his wife.

But if we assume that his purpose was to evade civil liability for a tort and liability to his wife in a suit for alimony not yet brought, and that these liabilities constitute claims of creditors in the sense of the statute, it is nevertheless established that he did this by incumbering this tangible property, not by a fictitious mortgage, but by a borrowing of money secured by a mortgage thereon. Manifestly he cannot escape his liability or defeat his mortgage, even though his purpose was to convert his estate into money by incumbering it with a mortgage to secure money borrowed. Inasmuch as Mrs Brill holds only in his right, she cannot defeat the mortgage for any reason not available to him. Our conclusion, therefore, is that the complainant has a mortgage lien to the extent of $6,200, less $285.06, and is entitled to a decree for a sale of the premises unless Mrs. Brill shall redeem within a time to be settled by the decree of the Circuit Court.

For his own purposes Brill deposited with Lefmann certain drafts issued to his order by a St. Louis bank upon a New York bank, which aggregated $5,000. This was a transaction separate and distinct from the mortgage loan, and was never intended or accepted as payments on account of the mortgage debt. These drafts were deposited by Lefmann to his own credit in his own bank as follows: February 9, 1901, $1,000; February 11, 1901, $500; February 13, 1901, $1,500; March 2, 1901, $2,000—$5,000. It is now insisted that a general accounting between the mortgagor and mortgagee shall be had, and that anything due to the mortgagor on account of this deposit shall go in reduction of this mortgage debt. But the evidence is undisputed that this $5,000 was a fund deposited with the complainant subject to call, and that Lefmann merely acted as a banker in the matter. Neither is there the slightest evidence of any intention that this fund should go in reduction of the mortgage debt. To have so treated it would have defeated the whole purpose of Brill, which was the accumulation of a cash fund in Lefmann's hands subject to his call.

Being a liability arising out of a wholly different transaction, any balance due the complainant upon that matter cannot be treated as a payment upon the mortgage debt. J. W. Brill, the mortgagor, is not a party to this proceeding. If he were, and a personal decree was sought against him, it is, of course, conceivable how he might rely upon such indebtedness upon this separate matter as a set-off. But Mrs. Brill is in effect the assignee of his equity of redemption

in the mortgaged property—property appropriated by Brill as a security for a specific debt. She has made no effort to impound any indebtedness of Lefmann to J. W. Brill, and her alimony bill in no way referred to any deposit in Lefmann's hands or any debt due by Lefmann to her husband. Neither can she be regarded in any sense an assignee of J. W. Brill's claim against Lefmann on account of that deposit. When she is allowed to show that the mortgage debt has been discharged by payment, she has exercised her utmost right under the pleadings in this suit. Aside from this, the evidence shows that $3,000 of this deposit was paid over to Brill by Lefmann's check of April 4, 1903. There is some doubt about the remaining $2,000 of this deposit. Lefmann says it was returned from the proceeds of the sale of some land he owned in Mexico. He admits his memory is vague upon the subject as to whether this was the precise way of settlement, but is positive that the entire mortgage debt is due and unpaid, with the exception of the small deduction before mentioned. But, however this is, if anything is due Brill on account of this deposit, it is not a credit upon this mortgage and cannot be used as an offset by Mrs. Brill; she having no other position than that of purchaser of the mortgagor's equity in land mortgaged to secure a specific debt.

The objection that $3,000 of this deposit was paid by a check made and delivered April 4th, but not actually presented for payment by Brill until April 16th, was not an effectual payment, because Lefmann had notice of this suit April 12th and might possibly have stopped payment, has been considered. Lefmann was a nonresident and was made a party as such, and notice of the suit was only served upon him at Chicago eight days after he had made this payment to Brill by his check for $3,000. Without going into the several answers to this objection, it is enough to say that that deposit of $5,000 was an absolutely independent transaction, and was in no way impounded or mentioned in Mrs. Brill's suit, and that any question of what Lefmann may or may not owe on account thereof is of no importance here, there being no lis pendens which should operate to reduce the mortgage debt here involved.