GOODMAN-BUCKLEY TRUST COMPANY, ADMINISTRATOR, APPELLANT, v. SAM K. POULOS, APPELLEE: REBECCA J. DANASIS ET AL., INTERVENERS, APPELLANTS.

FILED APRIL 14, 1933. No. 28517.

*Halligan, Beatty & Halligan, Milton C. Murphy* and *Hoagland, Carr & Hoagland*, for appellants.

*Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a suit brought by the administrator of the estate of John K. Poulos, deceased, which has for its purpose the discovery and recovery of property belonging to the estate. The petition of the plaintiff alleges that the deceased and Sam K. Poulos, the defendant, were engaged as partners in business and, as such, were the owners of certain personal and real property in which the deceased had one-third interest; that the partners in October, 1923, prior to the death of the deceased in December, 1927, entered into an arrangement whereby all the property of said partnership was placed in the name of the defendant, and that the interest of the deceased was held by the defendant in trust; that the deceased was at the

time of his death entitled to a conveyance of said property from the defendant; that the defendant is a trustee of the property of the deceased and refuses to account therefor. From these allegations, plaintiff seeks a decree finding that the deceased was the owner of one-third interest in the property, formerly held by the partnership but now held in the name of defendant, and that the defendant be decreed to be a trustee of said property for the benefit of the estate; that the defendant be required to account for the partnership business before and after decedent's death. Defendant files a general denial. The two sisters of the deceased, who, with the defendant and Peter Poulos, another brother, are the sole and only heirs at law, filed a petition of intervention with substantially the same allegations and prayer as that of the plaintiff. The trial court found in favor of defendant.

The basis of the decision of the trial court was that in 1923, when the deceased conveyed the property to his brother Sam K. Poulos, defendant in this case, it was a fraudulent conveyance for the purpose of defrauding creditors.

If the conveyance of the deceased to his brother four years before his death was fraudulent, and for the purpose of defrauding creditors, the grantor himself could not have recovered the property. It is a general rule that a court of equity will not aid a fraudulent grantor to recover from his grantee property or its proceeds transferred in fraud of creditors. The court will not decree a reconveyance. 27 C. J. 655; *Martin v. Shears*, 78 Neb. 404. The authorities supporting this proposition are too numerous for citations within the proper limits of this opinion.

Since the grantor cannot recover, neither can his heirs. If the grantor conveyed the property for the purpose of defrauding creditors, the deceased had no legal estate which upon his death descended to his heirs. If grantor during his life could not recover, consequently his heirs are not entitled to recover. *Robertson v. Sayre*, 134 N. Y. 97.

"The object of the rule is not to protect the fraudulent grantee, but to protect society, and its purpose cannot be achieved without allowing the grantee to retain his ill-gotten gains." 27 C. J. 656. See *Saint v. Saint,* 120 Cal. App. 15; *Snitzer v. Pokres,* 324 Mo. 386.

Section 36-401, Comp. St. 1929, provides that such a fraudulent transfer in fraud of creditors shall be void. But in *Beels v. Flynn,* 28 Neb. 575, it was held that this section limits recovery to persons injured, leaving conveyance valid between parties. The court said: "The evident intention was to limit the right of recovery to those who had suffered by the act complained of, while as between the parties to it the sale would not be disturbed." Such conveyance is valid against all except creditors of grantor at time of conveyance. *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Neb. 892. In the instant case, the creditor whose claim inspired the fraudulent conveyance was ultimately paid by the grantor. There are no unpaid claims against the decedent's estate.

Section 30-415, Comp. St. 1929, provides that in case of fraudulent conveyance by deceased where there is a deficiency of assets in the hands of an administrator, and when the deceased has, in his lifetime, conveyed any property with the intent to defraud his creditors, the deeds or conveyances are void as against creditors, and the administrator may prosecute a suit for the recovery of same, for the benefit of the creditors.

An administrator is authorized by the foregoing statute to maintain an action to recover property, the subject of a fraudulent transfer to defraud creditors, but the suit cannot be maintained unless there are creditors and an insufficiency of assets in his hands to pay them. *Hofmann v. Tucker,* 58 Neb. 457. There being no unpaid creditors of the estate of the decedent, the administrator was without power to maintain this suit.

It is argued by appellant that if the plaintiff can make a *prima facie* case without disclosing fraud, it must prevail, since the defendant cannot set up as a defense the

fraud in which he participated. The cases cited which lend support to this view are: *Barwick v. Moyse*, 74 Miss. 415; *Lefmann v. Brill*, 142 Fed. 44; *Lufkin v. Jakeman*, 188 Mass. 528. The rule is stated by one authority in the following language: "If plaintiff can make out his case without disclosing the alleged fraud, defendant will not be allowed to show, as a reason why plaintiff should not recover, the fraud in which defendant himself participated." 27 C. J. 657.

Can plaintiff make out a *prima facie* case without disclosing the fraud? It requires an analysis of the evidence to determine this question. The decedent, the defendant, a brother and a cousin, were a partnership, operating a candy kitchen in North Platte prior to 1923. In that year the cousin made a *bona fide* sale of his interest to defendant. At the same time and by the same instrument, the decedent conveyed his interest in the partnership and its property to the defendant. The defendant issued a check for $10,000 to the decedent in payment for this property, which check was paid upon presentation to the bank. At this point in the evidence a good faith sale is established and the plaintiff would not be entitled to a recovery under any circumstances. The property that was decedent's was transferred to defendant.

But the plaintiff then offers more evidence to show the circumstances and conditions surrounding this transfer. Bankers are brought into court who testify that defendant did not have $10,000 in the bank until a few days prior to the transaction. The fact is developed that defendant borrowed several thousand dollars from a brother-in-law in Iowa and some from the cousin, who was a partner, which sums were repaid from the money realized by decedent from cashing the check. In fact, it is definitely established that, within a few days of the transaction, the defendant had received back at least $9,500 of the money or it had been paid upon his obligations. The record pictures an elaborate but crude scheme to surround this

transaction with evidentiary facts to indicate a good faith sale but which did not reveal the truth. They went to much trouble to borrow money and build up a bank account, so that a check could be issued to show payment. It is so complicated and intricate that it forces the conclusion upon us that it was a fraudulent transfer.

But the plaintiff offers the deposition of the cousin, who was a partner and who knew all about the transaction, for at the same time and by virtue of the same instrument he made a good faith sale of his interest in the partnership to defendant. He corroborates the testimony relative to the details of the transfer already noted, and upon cross-examination testified that the transfer of the property involved herein, made four years before the death of decedent, was for the purpose of defrauding creditors. The purpose was to defraud a bank which decedent owed about $5,000. The decedent had to pay this debt some years later, and it is not now a creditor. This witness testified to a part of the details of the transfer and the other facts were developed by proper cross-examination. The plaintiff was not entitled to show a part of the transaction and suppress a part. But the plaintiff developed on redirect examination that decedent would still be a partner just the same after the suit of the bank was over. This evidence is merely cumulative and confirms the finding from the method of transfer that it was a fraudulent conveyance. The plaintiff in this case is in this unfortunate situation: If the sale is *bona fide,* it cannot recover because decedent divested himself of his property before death, and if the transfer was fraudulent to defraud creditors, it cannot recover because both grantor and grantee were equally involved in the fraud. The court will leave the parties where it found them and only a defrauded creditor could attack the conveyance. The plaintiff herein cannot make a *prima facie* case without disclosing the fraud. The judgment of the trial court is the judgment of this court.

AFFIRMED.