CHARLES L. MCBRIDE, APPELLANT, V. MARTIN G. HELMRICKS ET AL., APPELLEES.

2 N. W. (2d) 118

FILED JANUARY 30, 1942. No. 31238.

*Ginsburg & Ginsburg,* for appellant.

*Jackson & Rice, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is a suit by a judgment creditor who seeks to have the conveyance of certain real estate and the transfer of certain personal property by the judgment debtor set aside on the ground of fraud, and to reach certain other personal property belonging to the judgment debtor which cannot be reached by execution for the purpose of applying it to the satisfaction of plaintiff's judgment. The district court found for the defendants and plaintiff appeals.

The record shows that on November 16, 1935, Charles L. McBride, the plaintiff, obtained a judgment against Martin G. Helmricks in the amount of $1,343.42 with interest and costs. Executions were issued and returned unsatisfied. No part of the judgment had been paid at the time the present suit was commenced.

The record further shows that as the result of the death of his father on March 27, 1935, and of his mother on June 25, 1935, Martin G. Helmricks became the owner of a one-half interest in the 160 acres of land involved in this suit. He also became the owner of a one-twelfth interest in a real estate mortgage in the amount of $4,260, of which $2,800 remained due and unpaid, on certain lands in Furnas county, Nebraska, which said mortgage will hereinafter be referred to as the Hambridge note and mortgage.

On November 13, 1935, Martin G. Helmricks and wife executed a deed to Arthur Helmricks purporting to convey an undivided one-half interest in the lands herein involved for a consideration of $900. The $900 was paid by the delivery of an unsecured note for that amount to Martin G. Helmricks. Checks totaling $794.93 were offered in

evidence which constituted payments made on the note. The note itself was credited with payments totaling $812.80. The balance of the principal and all the interest were "discounted" and forgiven. The evidence of defendants is to the effect that there was a $3,500 first mortgage on the land, the estimated value of the land being $7,500. The equity in the land above the first mortgage was therefore $4,000, of which Martin G. Helmricks owned one-half. He had mortgaged his undivided interest to Juna Jackson for $1,100, which mortgage was conceded to be valid. The interest of Martin G. Helmricks, according to the evidence of defendants, was $900, the amount for which he deeded his interest to his brother, Arthur Helmricks. The only other evidence as to the value of the land was that of plaintiff, who estimated it from $7,200 to $8,000. On the evidence adduced we are of the opinion that the equity of Martin G. Helmricks in the land was of the approximate value of $900.

The record shows, however, that Martin G. Helmricks informed his brother Arthur of the pendency of the action on which judgment was subsequently obtained against him by McBride prior to the execution of the deed. The deed recited a consideration of $900, but the evidence is undisputed that the grantor received an unsecured note for that amount. The evidence establishes beyond question that Arthur Helmricks, the grantee, had full knowledge of the action of Martin G. Helmricks in stripping himself of all his property before any amount was paid on the note. Martin G. Helmricks gave very unsatisfactory evidence. He was unable to answer the most simple questions regarding the whole transaction. The record is replete with evidence that Martin G. Helmricks engaged in a systematic scheme to divest himself of all his property for the purpose of defrauding the plaintiff. Just three days before plaintiff obtained his judgment the deed was executed and delivered to Arthur Helmricks under circumstances revealing the fraudulent character of the transfer. The grantee of the deed admits that he knew of the nature of the transaction

before any payments were made on the $900 note. We think the case is determined by the following rules of law:

A conveyance between relatives which has the effect of hindering or delaying a creditor in the collection of his claim is persumptively fraudulent and, in litigation between the creditor and the parties to the conveyance over its alleged invalidity, the burden is on the parties to the conveyance to establish the good faith of the transaction by a preponderance of the evidence. *Lincoln Savings & Loan Ass'n v. Mann*, 129 Neb. 26, 260 N. W. 559.

A person who purchases with notice, though for a valuable consideration, is not protected. To constitute a *bona fide* purchase for a valuable consideration, it must be without notice and with the consideration actually paid. *Savage v. Hazard*, 11 Neb. 323, 9 N. W. 83.

If a vendee makes payment of any part of the consideration after receiving notice of the fraudulent character of the transfer, to that extent he is not a *bona fide* purchaser for value. *Birdsall v. Cropsey*, 29 Neb. 672, 44 N. W. 857.

A conveyance of real estate, whether founded on a valuable consideration or not, if entered into by the parties for the purpose of hindering or delaying a creditor, is void as to such creditor. It is not enough that such transfer be made for a valuable consideration, it also must have been made in good faith. In the instant case the transfer was presumptively fraudulent and the evidence is not sufficient to show that it was made in good faith. The payment of a valuable consideration for the transfer of property is not inconsistent with an intent to defraud. It is merely a circumstance in determining the question of intent. But in the case before us the accepted consideration was an unsecured note given three days before plaintiff obtained his judgment. The history of the case and the previous transactions pertaining to Martin G. Helmricks' interest in the personal property clearly indicate a course of conduct incompatible with the existence of good faith. The law will not permit one man to assist another in defrauding a third person where it appears that they were actuated by motives

denounced by the statute (Comp. St. 1929, secs. 36-401, 36-405, 36-406). It having been determined that the grantee in the deed had full knowledge of the fraud before any of the consideration actually moved to the grantor, the deed will be set aside and the property subjected to the rights of the judgment creditor. The question whether the consideration was adequate is unimportant under such circumstances.

It is not disputed that Martin G. Helmricks had a one-twelfth interest in the Hambridge note and mortgage. An execution having been issued and returned unsatisfied, and the interest of Martin G. Helmricks not being one that could be reached by an action at law, plaintiff was clearly entitled to a decree for an accounting of the judgment debtor's interest and an order applying the proceeds of such interest to the payment of the judgment. *State Bank of Ceresco v. Belk,* 68 Neb. 517, 94 N. W. 617.

The decree of the district court is reversed, with directions to the trial court to enter a decree setting aside the deed executed and delivered by Martin G. Helmricks and wife to Arthur Helmricks, for the reason that it was made for the purpose of defrauding plaintiff. The trial court is further directed to determine the interest of Martin G. Helmricks in the Hambridge note and mortgage and to enter an order subjecting such interest to the payment of plaintiff's judgment.

REVERSED.