ROSE FILLEY, APPELLEE, V. SAMUEL MANCUSO ET AL., APPELLANTS.

5 N. W. (2d) 91

FILED AUGUST 7, 1942. No. 31404.

*Joseph O. Burger,* for appellants.

*Beckman & Beckman, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This is an action to set aside a deed as having been made in fraud of plaintiff, a judgment creditor of defendants Mancuso. From a decree in plaintiff's favor defendants, grantors and grantees, appeal.

Plaintiff's petition, liberally construed, alleges that she recovered a judgment against one Samuel Mancuso in Douglas county on January 18, 1938, for the sum of $5,207.74, and interest and costs; that execution has been issued and

returned unsatisfied; that Mancuso claims he is insolvent, that he has no property liable to execution; that Mancuso, at the time of the rendition of said judgment, held legal title to, and was the owner of, certain described real estate in Douglas county; that on September 22, 1938, Mancuso and wife executed and delivered a deed conveying said real estate to Gordon V. and Virginia M. Potter; that said deed had been recorded; that said conveyance was made for the purpose of defrauding the plaintiff, and after plaintiff's judgment lien had attached; and that it was null and void as to the plaintiff.

The copy of the deed attached to the petition recites a consideration of two dollars; describes the Potters as husband and wife and names them as grantees as joint tenants and not as tenants in common.

Plaintiff joined as defendants Mancuso and wife and the Potters (described in the title of the petition as husband and wife) and the tenants. Plaintiff prayed that the deed be declared null and void, that the real estate be sold on execution issued on said judgment and the proceeds applied on said judgment lien.

Defendants denied all of said allegations. Plaintiff's proof consisted of proving (1) that Mrs. Potter was the daughter of Mancuso; (2) that plaintiff recovered a judgment against Mr. and Mrs. Mancuso on January 18, 1938, for $5,207.74 and interest at 10 per cent. per annum and costs; (3) the conveyance of the property by the Mancusos to the Potters on September 22, 1938, and the recording of the deed.

The defendants offered no evidence.

The trial court found (1) that the conveyance was made without a valid consideration and with intent to hinder, delay and defraud creditors and that the Potters received title with full knowledge of the fact that plaintiff was a judgment creditor; (2) that there was due from the defendant Samuel Mancuso to the plaintiff on said judgment the sum of $7,-301.93, which included the costs of the present action and apparently the costs of the first action.

The trial court decreed that the deed was null and void; "vacated" and "set aside" the deed; "canceled and annulled" the record thereof; and "subjected" the property to the "payment of the debt set forth in the plaintiff's petition," and directed that the sheriff proceed as upon execution and sell said real estate.

From this decree the defendants Mancuso and Potter appeal and present two matters: First, that the court erred in determining the amount due upon the judgment as of the date of the trial; second, that the court erred in decreeing that the deed was null and void and canceling the record thereof. The defendants Mancuso do not here contend that they are not indebted to the plaintiff, but rather that their indebtedness is upon the judgment pleaded in the petition, proved at the trial, and upon which judgment the plaintiff prayed that the property be sold on execution. We think that the trial court erred in making a finding of fact as to the amount due on the judgment. The matter was not in issue. There was no evidence as to the amount due. If this finding is effective as a new judgment against the defendant Samuel Mancuso, a question we do not determine, then it would result in compounding the interest on the original judgment and charging interest on the costs of the original action. Clearly the plaintiff is not entitled to such a judgment. If it was not effective, then it has no place in this decree. Defendants do not here question the right of plaintiff to subject the property to sale to satisfy the judgment, but it is to satisfy the judgment of January 18, 1938, that the property may be sold and upon which the proceeds of the sale must be applied.

Defendants next urge that the trial court erred in holding the deed null and void and canceling the same of record; that the deed is valid as between the parties thereto and as to all persons except the plaintiff; and that the decree should have been limited to subjecting the property to sale under execution on plaintiff's judgment. With this contention we agree. The uniform construction of section 36-401, Comp. St. 1929, concerning conveyances to defraud creditors, has

been that such a conveyance is good as between the parties and is void only as to such creditors as attack it. *Beels v. Flynn*, 28 Neb. 575, 44 N. W. 732; *German Nat. Bank of Hastings v. Leonard*, 40 Neb. 676, 59 N. W. 107; *Baldwin v. Burt*, 43 Neb. 245, 61 N. W. 601; *Goodman-Buckley Trust Co. v. Poulos*, 124 Neb. 697, 248 N. W. 64.

The effect of this decree is to revest the title in Mr. Mancuso. He has not asked for that relief, and under plaintiff's theory of the case, that the transfer was made for the purpose of defrauding a creditor, he is not entitled to that relief. This court held in *Goodman-Buckley Trust Co. v. Poulos, supra,* that "It is a general rule that a court of equity will not aid a fraudulent grantor to recover from his grantee property or its proceeds transferred in fraud of creditors."

The judgment of the district court is reversed and the cause is remanded, with instructions to enter a decree in accord with this opinion.

REVERSED.