ROSE FILLEY ET AL., APPELLEES, V. SAMUEL MANCUSO ET AL., APPELLANTS.
20 N. W. 2d 318

FILED OCTOBER 26, 1945.  No. 31942.

*Joseph O. Burger,* for appellants.

*Beckman & Beckman,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, and CHAPPELL, JJ.

CHAPPELL, J.

This is an action in the nature of a creditor's bill to have adjudged that a warranty survivorship deed and two real estate mortgages executed by defendants, Samuel Mancuso and Mary Mancuso, his wife, were junior and inferior to plaintiff, a preexisting but now a judgment creditor. It is claimed by plaintiff that the deed and mortgages, involving seven separately described parcels of real property in Douglas County, were executed by defendants without consideration and for the purpose of defrauding plaintiff creditor who seeks sale of the properties involved as upon execution and application of the proceeds in satisfaction of her judgment. On January 26, 1945, after issues joined and five separate hearings thereon, the trial court entered its decree finding generally and specifically for plaintiff. Defendants, Samuel Mancuso, Mary Mancuso, Elvira Mattioli, and Virginia M. Potter, together with Fred G. Mancuso who although never actually a defendant was permitted four years and nine months after the action was commenced to file an answer and cross-petition involving one of the properties only, appealed to this court. Certain other defendants were nominal parties only and appear as appellees. There is no cross-appeal.

Assignments of error substantially set forth in the brief are: (1) That plaintiff's petition as to the two mortgages does not state facts sufficient to support a decree. (2) The overruling of Fred G. Mancuso's motion for continuance based upon military service. (3) Permitting plaintiff to reopen her case on June 24, 1944. (4) That the decree adjudging the Virginia M. Potter mortgage void as to plain-

tiff and inferior to her judgment and adjudging the Elvira Mattioli mortgage paid and a purported unrecorded assignment thereof to Fred G. Mancuso inferior to plaintiff's judgment is contrary to law and not sustained by the evidence. (5) That in any event plaintiff's judgment was dormant at date of decree. We find that none of these contentions can be sustained.

At the outset it will be well to recite the history of the judgment which plaintiff seeks to enforce. The respective proceedings and dates thereof are important to decision. Plaintiff filed suit against defendants, Samuel Mancuso, a real-estate and insurance agent for many years, and Mary Mancuso, his wife, in the district court for Douglas County to foreclose a real-estate mortgage for $6,000 executed by them upon a residence property in Omaha, Nebraska, in 1928, to secure repayment of moneys theretofore collected by Samuel Mancuso and never accounted for by him. On April 20, 1935, decree of foreclosure was entered finding the unpaid debt and interest to be $6,732. On October 27, 1936, under order of sale, the sheriff sold the property for $3,450, which was confirmed by the trial court. However, upon appeal therefrom this court on November 19, 1937, reversed the confirmation and sale and remanded the cause for further proceeding. *Filley v. Mancuso,* 133 Neb. 538, 276 N. W. 157.

On January 11; 1938, under another order of sale, the sheriff sold the property for $3,400. On January 18, 1938, the sale was confirmed and deficiency judgment entered against both Samuel Mancuso and Mary Mancuso, his wife, for $5,207.74 with interest at ten percent and costs. Upon appeal therefrom this court on October 28, 1938, sustained confirmation of the sale and sustained the deficiency judgment as to Samuel Mancuso only. *Filley v. Mancuso,* 135 Neb. 403, 281 N. W. 850. See, also, *Filley v. Mancuso,* 142 Neb. 106, 5 N. W. 2d 91.

The record shows that, in response to præcipe, executions upon plaintiff's judgment were issued respectively on December 22, 1938, May 8, 1939, November 19, 1941, January

4, 1943, and February 1, 1945, without satisfaction thereof, which establishes conclusively as a matter of fact that plaintiff's judgment was not dormant as provided in section 25-1515, R. S. 1943. The latter observations therefore dispose of appellants' fifth assignment of error adversely to them.

We turn then to the question of whether plaintiff's petition states facts sufficient to support a decree. In this connection it is the rule that: "In an action brought to set aside a conveyance of land and subject the same to the payment of the plaintiff's judgment, the petition sufficiently states a cause of action if it alleges that the conveyance was made for the purpose and with the intent to defraud creditors." *McIntyre v. Malone,* 3 Neb. (Unof.) 159, 91 N. W. 246. Also in such actions: " * * * the financial condition of the grantor at the time of making the conveyance is merely an evidential fact bearing on the question of fraud, and need not be pleaded; aliter, his financial condition at the time of the commencement of such action." *Dufrene v. Anderson,* 67 Neb. 136, 93 N. W. 139. Further, " * * * a petition wherein it is alleged that the grantor fraudulently conveyed the property with the intent to place it beyond the reach of his creditors, and that the conveyance was made without consideration, states a cause of action, without alleging that the grantee had knowledge of or participated in the fraud." *Nebraska Nat. Bank v. Hallowell,* 63 Neb. 309, 88 N. W. 556.

Bearing the above rules in mind we have examined plaintiff's petition wherein we find that she not only charges that the instruments were made for the purpose and with the intent to defraud plaintiff creditor in literal terms but under the circumstances the facts pleaded are sufficient to show such a purpose and intent. We are of the opinion that the allegations are sufficient to support a decree.

It is interesting to note defendants do not argue that plaintiff's petition does not state facts sufficient to support a decree as to defendants, J. Bank Williams and Irene M. Williams. In this connection also the evidence is conclusive, and defendants do not argue otherwise, that the deed to them, a son-in-law and daughter of grantors, on September

20, 1938, of all the property involved was void as to plaintiff and inferior to her judgment.

In a discussion of the second and third assignments of error it must be remembered that this action was filed April 24, 1939, notice of which was filed in the appropriate book of mortgages on that date, approximately six years before the present decree was ever entered. Fred G. Mancuso, a son of Samuel Mancuso and Mary Mancuso, claims to be the assignee of a purported assignment of the Elvira Mattioli mortgage on September 18, 1940. However, the assignment was never recorded and he never claimed any interest in such property until January 24, 1944, when given permission to file. an answer and cross-petition. A hearing was had on January 26, 1944, wherein plaintiff adduced evidence and both parties rested. No request was made by defendants or by Fred G. Mancuso, or their attorney who represented all of them, for any continuance at that hearing. Neither was the case decided at that time. On June 24, 1944, before decision on the merits, plaintiff made application to withdraw her rest and show the relationship of the parties. The trial court in its discretion permitted her to do so and we find no error prejudicial to defendants therein which effectively disposes of the third assignment of error.

Defendants then requested continuance upon the ground that Fred G. Mancuso was in active military service. Thereupon continuance was granted indefinitely upon the suggestion of attorney for defendants that he would soon take the deposition of Fred G. Mancuso, who was then in Arkansas, or see if he could obtain a furlough and be present in court. On October 19, 1944, further evidence was adduced in plaintiff's behalf without objection and the question of continuance deferred. On January 22, 1945, without objection plaintiff adduced evidence that Fred G. Mancuso had been present in the city of Omaha several days upon two occasions, in the early summer and again in September 1944, at a time when his evidence could have been adduced in open court or his deposition taken. Defendants adduced evidence admitting he was in Omaha several days upon two occasions

but that the latter was in August rather than in September.

At the conclusion of this hearing plaintiff's attorney proposed that since Fred G. Mancuso claimed an interest in only one of the properties involved that the court proceed with the issues involving the other properties. Thereupon defendants' attorney did not object but informed the court: "It won't take very long." The court then set the matter for hearing at 2 p. m., January 26, 1945. On that date attorney for defendants appeared at the hearing and requested the court to have the record show that his motion for continuance was overruled. He then proceeded to and without further objection, did introduce all of his clients' defensive evidence upon all the issues involving all the property. Bearing in mind that courts should be ever watchful to protect the interest of litigants in military service, we are of the opinion that under the circumstances presented in the case at bar, the trial court committed no error in doing that which defendants' own attorney requested it to do.

Prior to disposition of the question whether the decree is sustained by the evidence it will be well to examine some applicable rules of law. In *Evers v. Evers, ante* p. 104, 18 N. W. 2d 673, it was held that: "Intent to make a mortgage to defraud creditors may be established by proof of facts from which such inferences may reasonably be drawn." By analogy under the circumstances presented here the same rule would apply to an assignment thereof. See, also, *Peterson v. Wahlquist,* 125 Neb. 247, 249 N. W. 678. In *Luikart v. Bosse,* 142 Neb. 157, 5 N. W. 2d 128, we approved the rule stated in 27 C. J. 415, wherein it is said: "A conveyance is declared to be fraudulent when its object or effect is to defraud another, or the intent with which it is made is to avoid some duty or debt due by or incumbent upon the party making the transfer."

It is also well established in this jurisdiction that: "A conveyance between relatives which has the effect of hindering or delaying a creditor in the collection of his claim is presumptively fraudulent and, in litigation between the creditor and the parties to the conveyance over its alleged

invalidity, the burden is on the parties to the conveyance to establish the good faith of the transaction." *McBride v. Helmricks,* 140 Neb. 843, 2 N. W. 2d 118. And "Where the testimony relied upon to show good faith is given by interested relatives, the reasonableness or unreasonableness of their evidence bears considerable weight in arriving at a just conclusion." *Hilton v. Clements,* 137 Neb. 791, 291 N. W. 483. See, also, *Evers v. Evers, supra.* It was held in *McBride v. Helmricks, supra:* "Where the grantee, at the time the conveyance was made, had knowledge of the intent of the grantor to hinder and delay his creditors by the conveyance of his property, the conveyance is void as to existing creditors whether or not an adequate consideration was paid." This is true because, as stated in the opinion: "The law will not permit one man to assist another in defrauding a third person where it appears that they were actuated by motives denounced by the statute * * * ." Secs. 36-401, 36-405, 36-406, R. S. 1943.

The evidence and circumstances which we do not deem it necessary to relate clearly indicate that the mortgage given to a daughter, Virginia M. Potter, dated September 1, 1936, and not recorded until June 14, 1937, upon all but two parcels of the property involved, was executed not only without consideration but for the purpose and with the intent to defraud plaintiff creditor and it is junior and inferior to her rights as found by the trial court. The mortgagee herself did not even attempt to defend it. Only the father, mortgagor, testified in support of its validity, and we find that he failed to establish the good faith of the transaction.

That the Elvira Mattioli mortgage upon a single parcel, executed September 17, 1935, due and payable September 17, 1940, was *bona fide* in its inception cannot be disputed. She was not a relative of the Mancusos. However, the record discloses that the note and mortgage were paid in full by Samuel Mancuso on September 18, 1940, after it was due and she then had no interest remaining. The trial court evidently correctly concluded, under the issues and evidence

presented, that it was paid by Samuel Mancuso, who instead of obtaining a release took an assignment of the mortgage from the mortgagee to Fred G. Mancuso, who then lived in Kansas City, for the purpose and with the intent of defrauding plaintiff then a judgment creditor.

The record discloses that after Elvira Mattioli had been served with summons in the present action she demanded of Samuel Mancuso that he pay her in full. Thereupon he told her that he would borrow the money and pay her. She was paid in full by him on September 18, 1940. It is conceded that all of her business transactions were with Samuel Mancuso and that she had none whatever with his son. The father says that it was paid with the son's money but there is no evidence explaining the details of the transaction. There is no explanation of how or where or when it was paid by the son.

It is interesting to note that in answer to the question, "Did he request you to pay Mrs. Mattioli?" Samuel Mancuso answered: "She wanted the money and I couldn't get the money, and I wrote him and he told me to get the money and pay for it." Whether the son's name appeared as assignee in the assignment as originally executed is even questionable since the objective evidence clearly indicates an erasure and substitution of his name therein. Every fact and circumstance indicates without doubt that Samuel Mancuso obtained the execution of the purported assignment for the purpose and with the intent to defraud plaintiff, then a judgment creditor, with full notice and knowledge thereof on the part of Fred G. Mancuso. We are of the opinion that the judgment of the trial court was correct in every respect and it is hereby affirmed.

AFFIRMED.

WENKE, J., participating on briefs.